Jack **FERRANTI** Plaintiff,

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Defendant.**

No. CIV. 01–569(RCL).

United States District Court, District of Columbia.

Dec. 10, 2001.

Jack Ferranti, Ray Brook, NY, Pro se.

Kenneth Leonard Wainstein, U.S. Attorney's Office, Scott Sutherland Harris, U.S.

Attorney's Office, Washington, DC, for Bureau of Alcohol, Tobacco and Firearms.

### MEMORANDUM and ORDER

LAMBERTH, District Judge.

This matter comes before the Court on defendant Bureau of Alcohol, Tobacco and Firearms' ("BATF") motion for summary judgment, pursuant to Fed.R.Civ.P. 56(c), plaintiff Jack Ferranti's opposition thereto and motion to require detailed indexing, justification and itemization. Based upon the memoranda in support of and in opposition to the motions, the entire record herein and the applicable law, the plaintiff's motion to require detailed indexing will be denied and defendant's motion for summary judgment will be granted.

### I. Factual and Procedural History

Plaintiff Jack Ferranti, currently incarcerated in a federal prison after having been convicted of a federal firearms violation, initiated this action under the Freedom of Information Act ("FOIA"), in March 2001. Plaintiff challenges BATF's response to his FOIA request for documents in its possession relating to several criminal investigations of plaintiff, in 1989, 1994 and 1995.

Plaintiff made his initial FOIA request to BATF by letter in August of 1999. In November of 1999 BATF released 41 pages of documents to plaintiff, with certain information redacted. In December 1999 plaintiff appealed the BATF's disclosure by letter, asserting that not all responsive documents had been released and challenging the redacted information. This administrative appeal was denied by BATF on the grounds that an adequate search had been conducted for any responsive documents and that all redacted information had been properly withheld pursuant to Exemptions (b) (2) and (b)(7)(C) of the FOIA. In response to that denial plaintiff initiated this action arguing again that defendant had not released all responsive documents and that some of the redacted information had been improperly withheld. Defendant has moved for summary judgment on the grounds that it has conducted an adequate search and has released all responsive documents (the 41 pages) including all reasonably segregable non-exempt information contained therein. Plaintiff has opposed the motion for summary judgment and has moved the Court to require the defendant to submit a detailed *Vaughn* Index to further justify its claimed FOIA exemptions.

### II. The Freedom of Information Act and the Standard of Review

■ The Freedom of Information Act, 5 U.S.C. § 552, as amended by the Freedom of Information Reform Act of 1986, §§ 1801–04 of Pub.L.No. 99–570, 100 Stat. 3207, 3207–48 (1986), provides citizens a statutory right of access to government information. Underlying this right to access is the principle that "the public is entitled to know what its government is doing and why." *See Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 868 (D.C.Cir.1980). Consequently, FOIA instructs government agencies to disclose agency records, unless the requested records fall within one of the Act's nine enumerated exemptions. *See* 5 U.S.C. § 552(b)(1)-(9). Accordingly, a FOIA requester usually challenges agency non-disclosure of documentation by demonstrating either, that the search conducted was inadequate, or that the claimed exemption has been improperly asserted. Summary judgment in a FOIA action is appropriate when the pleadings together with the declarations show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P.

56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Alyeska Pipeline Serv. Co. v. EPA,* 856 F.2d 309, 313 (D.C.Cir.1988) (mere conflict in affidavits not sufficient to preclude an award of summary judgment); *Weisberg v. Department of Justice,* 627 F.2d 365, 368 (D.C.Cir.1980). Courts review FOIA suits de novo. However, the agency carries the burden of justifying nondisclosure, *See* 5 U.S.C. § 552(a)(4)(B); *U.S. Department of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

▆▆▆ Agencies may rely on the declarations of its officials in order to sustain their burden of proof in a FOIA case. *See Oglesby v. U.S. Department of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990); *Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir.1978). The agency's declarations are accorded a presumption of expertise. *Pharmaceutical Manufacturers Ass'n v. Weinberger,* 411 F.Supp. 576, 578 (D.D.C.1976.). However, the declarations must be clear, specific and adequately detailed; they must describe the withheld information and the reason for nondisclosure in a factual and non-conclusory manner; and they must be submitted in good faith. *See Hayden v. NSA,* 608 F.2d 1381, 1387 (D.C.Cir.1979). Unless the affidavits are deficient, the court need not conduct further inquiry into their veracity. *Id.* at 1387. A plaintiff must show that the claimed exemption is improperly asserted in order to have a triable issue of material fact that will preclude awarding summary judgment to the defendant.

## A. *Information Redacted in the 41 Pages*

Defendant released 41 pages of material to the plaintiff with certain information redacted. Defendant claims that all re-dacted information has been properly withheld pursuant to Exemptions 2 and 7(C) to the FOIA, as explained in the declaration of Dorothy Chambers, a BATF official responsible for processing all FOIA requests ("Chambers Decl.").

▆▆▆▆ The declaration describes the information withheld under Exemption 2 to as internal BATF computer codes. (Chambers Decl. at ¶¶ 3, 6). Such codes clearly fall within Exemption 2, and as such have been properly redacted from the released documents. The declaration also specifies that the information that has been withheld pursuant to Exemption 7(C) is comprised of the names of various law enforcement officials and third party individuals. (Chambers Decl. at ¶¶ 3, 7–9). The names of all such individuals are plainly covered by the privacy exemption that 7(C) affords. Accordingly, a categorical redaction of this information, as described in the declaration, is also valid.

Plaintiff argues that even though such withholdings might generally be justified, the defendant is required to specifically correlate every piece of redacted information in the 41 pages with one of the two claimed exemptions, and that BATF's failure to do so precludes summary judgment. (See Plaintiff's Motion Under *Vaughn;* Plaintiff's Opposition at p. 6). The Court disagrees.

▆▆▆ Courts have reasoned that in assessing the adequacy of a *Vaughn* Index, it is the function served, rather than form, that is crucial. See *Jones v. FBI,* 41 F.3d 238, 242 (6th Cir.1994) ("[I]t is the function, not the form, which is important."); *Coleman v. FBI,* 13 F.Supp.2d 75, 78 (D.D.C.1998) (requiring "substance over form" in preparation of *Vaughn* Index to facilitate de novo review). The degree of specificity is therefore dependent upon the nature of the case, the document at issue,

and the exemption claimed. *See Information Acquisition Corp. v. Dep't of Justice*, 444 F.Supp. 458, 462 (D.D.C.1978).

■ Therefore, there is no requirement that the BATF label each redaction with the asserted exemption, in contradiction to Ferranti's argument. *See Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 n. 4 (D.C.Cir.1992) (concluding that the precise matching of exemptions with particular withheld items was not necessary for the trial court's disposition as all the government's claims were meritorious). Such correlation may indeed be required in many cases where the information being withheld is extensive enough, i.e. more than just names and codes, such that the applicable exemption would not be clear from the face of the redacted document, and is obviously required when a document has been withheld in its entirety. However, in this case the defendant's affidavit specifically declares that only two narrowly limited categories of information, individual's names and internal codes, have been redacted. As discussed above, both claimed exemptions are clearly valid as a matter of law. Plaintiff concedes as much by acknowledging that some of the redactions "rather obviously" fall within one exemption or another, and does not argue that individual names are outside the scope of Exemption 7(C) nor that internal computer codes are outside the scope of Exemption 2. (See Plaintiff's Opposition at p. 8). It is also clear to the Court, based upon an examination of the very documents that plaintiff attached to his pleadings, where the redacted information is an individual's name or a computer code. In light of the foregoing, the Court finds that the BATF has claimed its exemptions with sufficient specificity in this case, plaintiff's motion will be denied.

■ As discussed above, Ferranti has not shown that either Exemption 2 or 7(C)

has been improperly asserted in this case such that summary judgment could be denied on that basis. However, Ferranti claims that certain blank areas on the pages of documents he received indicate that additional information, beyond names and internal codes, has been redacted and that attachments to some of the documents have been withheld. (See Plaintiff's Opposition at pp. 1–3). These assertions are directly contradicted by the sworn declaration provided by BATF, which states that only names and computer codes have been redacted or withheld. (See Chambers Decl. at ¶¶ 3, 10). The Court finds no indication of bad faith on the part of the defendant in this case, and therefore finds no reason to conclude that plaintiff's speculation regarding additional information contained in or attached to the 41 pages should over come the presumption of good faith accorded to Chambers' sworn declaration. *See Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C.Cir.1981) ("Agency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents."). Plaintiff's speculation is simply insufficient to establish that there is a genuine issue of material fact in this regard.

■ Beyond the speculation about bad faith on the part of BATF, plaintiff's claims can also be read as a segregability challenge with respect to the 41 pages of documents that were released to him. While the plaintiff does not explicitly characterize his arguments as such, this Court has an obligation to consider the segregability issue *sua sponte*. *See Trans–Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1028 (D.C.Cir.1999). The Court takes note of the fact that while the defendant's pleadings argue that all reasonably segregable non-exempt information has been released

the Chambers declaration does not explicitly refer to segregability at all. This is a substantial defect in the declaration and in many cases could well preclude summary judgment in and of itself. However, in this case, considering the narrow scope of the categorical withholdings (described in sufficient detail in the Chambers Decl.), the good faith declaration that only such properly withheld information was redacted, and a careful review of the actual documents that plaintiff submitted in support of his motion, the Court finds that all reasonably segregable information has been released.

### B. *Adequacy of BATF's Search*

 Under FOIA, the standard of review of the adequacy of an agency search is whether the search was "reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice,* 705 F.2d 1344, 1351 (D.C.Cir. 1983); *see Meeropol v. Meese,* 790 F.2d 942, 950–51 (D.C.Cir.1986). In assessing the reasonableness of a search, a court is not guided by whether the search actually uncovered every document or whether the search was exhaustive. *See Miller v. United States Dep't of State,* 779 F.2d 1378, 1383–85 (8th Cir.1985). The court's inquiry is limited to whether the search itself, and not the results of that search, were reasonable. *See id.* at 1385 (discounting the requesters argument that the "search was insufficient because the Department did not do all that it could," concluding that the agency "did all that the Act required").

Plaintiff challenges the adequacy of the search undertaken by the defendant for documents responsive to his request of August 1999, arguing that BATF has not provided him with any documents relating to the 1994 and 1995 investigations and has not provided him with a specific document

that he recalls having seen. (See Plaintiff's Opp. at p.13). In support of this argument, plaintiff has submitted an affidavit in which he states that he did not receive from BATF a search warrant that he recalled seeing previously, and that he recalled BATF agents participating in all of the investigations relating to him. (See Affidavit of Jack Ferranti at ¶¶ 4,6).

 To prove the adequacy of a search, agencies may rely upon relatively detailed, non-conclusory affidavits that are submitted in good faith. *See Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir.1978) (reasoning summary judgment is appropriate on the basis of affidavits meeting this criteria). Affidavits that include search methods, locations of specific files searched, descriptions of searches of all files likely to contain responsive documents, and names of agency personnel conducting the search are considered sufficient. *See Weisberg,* 705 F.2d at 1348 (delineating criteria for sufficient affidavits). Defendant states that its search of two law enforcement databases indicates that it has no additional records regarding the plaintiff other than those released and adds that another agency handled the 1994 investigation. (Chambers Decl. at ¶¶ 11–12). The declaration describes a search of the TECS database, which is a "comprehensive ATF investigative database," that revealed no additional documents. (Chambers Decl. at ¶ 11). Defendant also describes a search of the National Crime Information Computer, administered by the FBI. That search indicated that all of plaintiff's criminal history, other than that covered by the 41 pages, was handled by agencies other than BATF, specifically that the search warrant plaintiff referred to was obtained by the New York Police Department. (Chambers Decl. at ¶ 12). The Court finds that the description of the searches in the Chambers Declaration is consistent with both the standard of reasonableness for an adequate search and

48

the requirements of an agency affidavit that is to be accorded a presumption of good faith.

■ Plaintiff argues that BATF's assertions with regards to the 1994 and 1995 investigations "should be viewed with skepticism," because investigations of firearms violations and arson are within BATF's purview. However, speculation that other documents might exist that are possibly responsive to the request is insufficient to overcome summary judgment. *See Steinberg v. Dep't of Justice*, 23 F.3d 548, 551–52 (D.C.Cir.1994) (concluding that the inferences raised by an agency affidavit that noted that "some, but not all" of file materials were returned to the agency office was speculative); *SafeCard Serv., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C.Cir. 1991) (reasoning that "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search"); *Goland v. CIA*, 607 F.2d 339, 369 (D.C.Cir. 1978) ("The issue [is] not whether any further documents might conceivably exist but whether CIA's search for responsive documents was adequate."). Accordingly, Ferranti's speculative claims that other documents might exist or should have been revealed by the BATF's search, as supported by his affidavit, do not present a genuine issue of material fact as to whether BATF conducted a reasonable, adequate search.

For the reasons set forth above, it is hereby

**ORDERED** that plaintiff's motion under *Vaughn* to require detailed indexing is **DENIED**; it is **FURTHER ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**SO ORDERED.**