Peter A. HORNBOSTEL, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR Defendant.**

No. CIV.A. 02–2523(RCL).

United States District Court, District of Columbia.

Aug. 7, 2003.

Order Granting Motion to Alter or Amend, Feb. 18, 2004.

Peter A. Hornbostel, Washington, DC, pro se.

Lisa Barsoomian, Assistant United States Attorney, United States Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court as a result of defendant's motion to dismiss or, in the alternative, for summary judgment, plaintiff's motion for summary judgment and opposition to defendant's motion, defendant's reply to plaintiff's opposition and opposition to plaintiff's cross motion, and plaintiff's reply to defendant's opposition. Upon consideration of plaintiff's and defendant's motions, the respective oppositions and replies, and the applicable law relating to Freedom of Information Act (FOIA) requests, this Court finds plaintiff's motion shall be granted for documents 30, 31, 33, 34(b), 34(c), and 34(d). Plaintiff's motion for all other documents shall be denied.

## BACKGROUND

This action relates to the sale of a 25 acre tract of land by a private owner to the Potomac Appalachian Trail Club (PATC) and subsequent construction of a parking lot for visitors of Old Rag Mountain. Old Rag Mountain is a public land area under the control of the National Park Service (NPS) and, more broadly, the Department of Interior. Plaintiff submitted his first FOIA request to defendant on May 29, 2002 for all information directly or indirectly relating to the use of the land and all correspondence between the NPS or defendant and the PATC relating to the use or acquisition of the land by the PATC or the NPS. On June 21, 2002, plaintiff visited the headquarters of the Shenandoah National Park (SNP) to review the requested documents. At that time, the Environmental Assessment (EA) related to the proposed project had not been completed. Shortly thereafter, plaintiff wrote to SNP confirming the satisfaction of his FOIA request for certain documents and deferring his request for any documents inadvertently omitted and any environmental materials unavailable at the time of his visit due to the incomplete EA.

On July 3, 2002, an NPS employee responded to plaintiff indicating that the deferral of his FOIA request regarding certain documents unavailable at that time could not be properly accepted. As a result, plaintiff submitted a second FOIA request on July 23, 2002, requesting all documents related to the environmental aspects and effects of the proposed parking lot. The Park Superintendent replied to plaintiff's request on August 19, 2002, providing him with all documents except for those relating to the EA, which was ongoing at the time. On October 2, 2002, an NPS employee wrote to plaintiff stating that the information requested by plaintiff relating to the EA was covered by the Deliberative Process Exemption in the FOIA and therefore could not be provided. On December 24, 2002, plaintiff submitted his third FOIA request, requesting all documents sent or received since his last request, to which defendant replied on Janu-

ary 23, 2003 stating that NPS expected to provide a response to plaintiff's request by January 31, 2003. In between the submission of plaintiff's third request and defendant's response, the plot of land was sold to PATC on December 31, 2002. Defendant responded on January 31, 2003 and between this time and June 2003, defendant has issued 10 release letters to plaintiff, from which several hundred documents have been released in their entirety or as redacted versions. Many others have been withheld altogether. Both parties have moved for summary judgment and each has filed respective oppositions and replies. Upon review of the filings of both parties, this Court ordered an in camera inspection of documents 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, and 34.

## ANALYSIS

### A. Defendant's Motion for Summary Judgment

Defendant has moved to dismiss the action or, in the alternative, moved for summary judgment, claiming it has met its burden by providing plaintiff with certain documents and properly withholding others under FOIA Exemptions 3, 5, and 6. Further, defendant claims it has provided the necessary detailed justification relating to each of the withheld documents.

### 1. Standard for Summary Judgment in FOIA Actions

In a FOIA action, in order for an agency to prevail on a motion for summary judgment, it must prove that no genuine issue of material fact exists, viewing the facts in the light most favorable to the requester. *Weisberg v. U.S. Department of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984). In order to satisfy this burden, the agency must demonstrate that "it has conducted a search reasonably calculated to uncover all relevant documents." *Id.* at

1485 (citations omitted). Whether or not the agency's search is reasonably calculated depends on the adequacy of the search, not on the results, and the adequacy of an agency's search is determined on a case-by-case basis, guided by a standard of reasonableness. *Id.* As this Court has previously noted, reiterating the deemphasis on results, "in assessing the reasonableness of a search, a court is not guided by whether the search actually uncovered every document or whether the search was exhaustive." *Ferranti v. Bureau of Alcohol, Tobacco & Firearms*, 177 F.Supp.2d 41, 46 (D.D.C.2001) (Lamberth, J.). In order to prove this adequacy threshold has been met, the agency may rely upon "reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.*

### 2. Reasonableness and Adequacy of Defendant's Search

Defendant argues that its search was reasonably calculated and adequate, therefore satisfying the threshold requirement for summary judgment. The search conducted by defendant has been described in the Second Declaration of Constance A. Rudd. Rudd, a supervisor of the searches conducted by SNP in response to plaintiff's three FOIA requests, declared that "SNP employees searched agency records, both manually and by automated means." Second Rudd Decl. ¶ 3. Specifically, defendant notified relevant employees of the requests through e-mail, discretionarily reopened plaintiff's first FOIA request though it had technically been closed, in order to sort out some perceived confusion, and requested that the Old Rag project manager review his files in order to identify any documents covered by the requests. Both hard copy files and e-mails retrieved from the search were further reviewed by the SNP employees responsible for FOIA matters at SNP.

While plaintiff does not directly address the "adequacy" or "reasonableness" of plaintiff's search procedure, this Court shall address a number of issues raised by plaintiff in his opposition to defendant's motion for summary judgment in this section, as each directly or indirectly relates to this question. Plaintiff first argues that, as defendant's search did not uncover and disclose every document encompassed by his three requests, defendant's motion should be denied. Specifically, plaintiff asserts the Vaughn Index provided by defendant is incomplete because it fails to include (1) all of the documents related to the purchase or negotiations for the purchase of the land and (2) certain sources and rules used by defendant in its preparation of the EA related to the construction of the parking lot. Further, plaintiff argues that due to the untimeliness of defendant's responses, and specifically the untimeliness of defendant's use of Exemption 5, defendant waived its right to object to plaintiff's requests.

◼ When determining the adequacy of an agency's search, a court may measure the reasonableness in light of the scope of the request. *Meeropol v. Meese,* 790 F.2d 942, 956 (D.C.Cir.1986). Plaintiff's requests for documents involve one single project dealt with primarily by one division within the Department of Interior—the parking lot construction project overseen by the NPS. In light of this relatively narrow scope, defendant's orders to the NPS Management Team, the Old Rag Project Manager, and various other NPS employees to search all of their e-mails and hard copy documents related to plaintiff's requests, as well as the subsequent review of these documents by the FOIA supervisors, was reasonably calculated and thus adequate.

Regarding plaintiff's first argument—that defendant failed to meet the summary judgment standard due to its failure to produce all documents related to the purchase or negotiation of the purchase of the land—defendant asserts and plaintiff concedes that seven documents related to this subject were already disclosed to plaintiff. The fact that there may *possibly* be additional documents relating to the purchase or negotiations is not relevant to the question of whether defendant conducted an adequate search for the documents. *Ferranti,* 177 F.Supp.2d at 46.

Plaintiff also argues that defendant's disclosure is incomplete as it failed to produce certain sources and rules used by defendant in its preparation of the EA related to the construction of the parking lot. These documents include the NPS air pollutant emissions inventory, the Virginia Department of Transportation daily and annual traffic volume statistics, the NPS Management Policies 2001, and the NPS impairment guidance.[1] An agency is required to reconstruct its research process, but within reason. The fact that every document examined, cited, or discussed when developing a report is not disclosed does not automatically suggest the agency has failed to meet its burden. Further, "[r]equiring an additional search each time the agency receives a letter that clarifies a prior request could extend indefinitely the delay in processing new requests." *Kowalczyk v. Department of Justice,* 73 F.3d 386, 388–89 (D.C.Cir.1996). That the department did not work backward from the EA to produce each and every document reviewed in its preparation—at least some

---

1. A complete list of the requested documents can be found in Footnote 11 of Plaintiff's

Motion for Summary Judgment

of which are publicly available—does not render its search inadequate.

Again, the focus of the adequacy inquiry is not on the results. The fact that defendant conducted a thorough search involving a variety of files of numerous employees confirms the adequacy of the search, as opposed to the fact that several documents cited in the EA were ultimately not included in the productions. As such, plaintiff's argument that the Vaughn Index is incomplete due to several omitted documents does not affect the determination that defendant's search was adequate. The proper solution for plaintiff, should he seek documents discovered through leads in documents produced by the agency, is for plaintiff to make a second FOIA request and not for the Court to alter its determination of the adequacy of defendant's search. *Kowalczyk* 73 F.3d at 388–89.

■ Plaintiff also challenges defendant's motion for summary judgment due to defendant's failure to respond to the various requests within the explicitly stated FOIA time limits. In support of this, plaintiff notes that the language contained in FOIA Exemption 5 refers directly back to documents that would or would not be available under the general federal procedure discovery rules. As this Court has previously noted,

> a lack of timeliness does not preclude summary judgment for an agency in a FOIA case. The only question for summary judgment is whether the agency finally conducted a reasonable search, and whether its withholdings are justified. When exactly a reasonable search was conducted is irrelevant. *See, e.g., Atkins v. Dep't of Justice,* 1991 WL 185084 (D.C.Cir. Sept.18, 1991) (unpub.) ("The question whether DEA complied with the Freedom of Information Act's (FOIA) time limitations in responding to

Aaron Atkins' request is moot because DEA has now responded to this motion."); *Tijerina v. Walters,* 821 F.2d 789, 799 (D.C.Cir.1987) (" '[H]owever fitful or delayed the release of information under the FOIA may be ... if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.' ") (quoting *Perry v. Block,* 684 F.2d 121, 125 (D.C.Cir.1982)). *Landmark Legal Foundation v. E.P.A.,* 272 F.Supp.2d 59, 62–63 (D.D.C.2003). This Court has concluded that the search conducted by defendant was reasonable and, as such, defendant's lack of timeliness will not preclude summary judgment in its favor.

■ Plaintiff also argues a related point that defendant's failure to raise its Exemption 5 defense in a timely manner constituted a waiver of the right to object on this basis. In support of this assertion, plaintiff claims that the language of Exemption 5 refers directly back to the availability of documents to a party in litigation with an agency, and therefore a finding under Federal Rule of Civil Procedure 34 that an untimely objection constitutes a waiver should be applicable in FOIA matters as well. Any such congruence between Exemption 5 and Rule 34 does not warrant the automatic conclusion that all law governing Rule 34 shall apply to disclosure under FOIA.

Further, nowhere in the actual language of Rule 34 is there any mention of what constitutes a waiver. Equating a failure to object in a timely manner with a waiver of the right to object has been developed under the case law surrounding Rule 34, and is not found in the rule itself. Finally, defendant offers no case law indicating that such findings based on Rule 34 have actually been applied in FOIA matters

based on this line of reasoning. If anything, FOIA case law indicates that failure to respond—whether it be in the form of an objection or any other type of response—does not preclude summary judgment and has little substantive effect on the Court's measure of the adequacy of an agency's search. *See supra* (discussing timeliness). Therefore, plaintiff's assertion that defendant's failure to raise an Exemption 5 defense in a timely manner does not affect this Court's determination that defendant's search was adequate and reasonable.

In sum, the search as described in the affidavits submitted in good faith by defendant indicate a thorough, properly tailored search in light of the scope of plaintiff's three FOIA requests. None of the opposing arguments raised by plaintiff preclude a finding of summary judgment for the defendant on the basis of the adequacy of the search.

## C. Defendant's Invocation of FOIA Exemptions 3, 5, and 6

While the primary objective of the FOIA is to allow the public to obtain access to federal agency records, "Congress realized that legitimate governmental and private interests could be harmed by release of certain types of information, and therefore provided the specific Exemptions under which disclosure could be refused." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) (citations omitted). However, as disclosure remains the purpose of the Act, the Exemptions must be narrowly construed and the burden of demonstrating that these strictly defined Exemptions apply to a particular case rests with the agency. *Id.* at 152, 110 S.Ct. 471. An agency may satisfy its burden "by providing the requester with a Vaughn index, adequately describing each

withheld document and explaining the Exemption's relevance." *Gutman v. U.S. Department of Justice*, 238 F.Supp.2d 284, 290 (D.D.C.2003) (Urbina, J.) (citations omitted).

Defendant invoked FOIA Exemptions 3, 5, and 6 to justify withholding and redacting a number of documents produced as a result of its search. Defendant argues that as it has supplied a Vaughn Index naming all of the withheld and redacted documents and justifying its decision to withhold each by explaining which Exemption covers each document and why, this Court should grant its motion for summary judgment. Plaintiff argues that the Vaughn Index is incomplete due to defendant's failure to include certain specified documents. As discussed above, the failure to locate every document theoretically related to a FOIA request does not affect a court's determination of the adequacy of an agency's search. Plaintiff also argues specifically about defendant's use of each Exemption as well as about the failure of defendant to properly segregate the protected from the non-protected material within the Vaughn Index documents in general.

### 1. Defendant's Invocation of FOIA Exemption 3

Under Exemption 3, the FOIA allows an agency to withhold documents "specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3) (2003). Defendant has invoked Exemption 3 to justify withholding documents 23, 24, 25, and 28.

■ The National Defense Authorization Act of 1997 specifically prohibits the disclosure of "a proposal in the possession or control of an agency" to any person under the FOIA. 41 U.S.C. § 253b (m)(1) (2003). The Act defines the term "proposal" as "any proposal, including a technical, management, or cost proposal, submitted by a contractor in response to the requirements of a solicitation for a competitive proposal." *Id.* § 253b(m)(3). Defendant claims that documents 23, 24, and 25 are proposals as defined by the Act and, as such, are covered by FOIA Exemption 3. While the Vaughn Index description of the documents was slightly ambiguous, this Court has examined these documents *in camera* and determined that they are proposals as defined by the Act and thus are properly exempted from disclosure.

■ Defendant has also invoked Exemption 3 in order to withhold document 28. In doing so, defendant relies upon the Archaeological Resources Protection Act of 1979, which prohibits disclosure of information regarding "archaeological resources," as well as the National Parks Omnibus Management Act, which prohibits public disclosure of information regarding rare or commercially valuable resources. Defendant claims the information contained in document 28 consists of information described in these two acts. Plaintiff argues that, with respect to the National Parks Omnibus Management Act, only resources found on public or Indian lands are encompassed by this Act and that the resources in question are not on "public land" as defined by the statute. The Vaughn Index clearly states that all of the resources described in the document are found within the boundaries of the National Park Service and thus on "public land" according to the Act. However, as there was a dispute between the parties, this Court conducted an in camera inspection and confirmed that the land discussed in the document was, indeed, part of the Shenandoah National Park. Thus, defendant properly applied Exemption 3 to document 28.

2. Defendant's Invocation of Exemption 5

■ Exemption 5 protects disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Agencies invoking Exemption 5 most frequently rely upon the deliberative process privilege, the purpose of which "is to prevent injury to the quality of agency decisions" by allowing "the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *NLRB. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). Specifically, documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." are protected by this privilege. *Id.* at 150, 95 S.Ct. 1504. Allowing such an exemption ultimately preserves the free flowing debate essential to an agency's decision-making process.

Defendant invokes Exemption 5 for the majority of withheld or redacted documents listed on its Vaughn Index and claims that each fits into one of six subcategories that defendant asserts are encompassed by the Deliberative Process Exemption: (1) federal officials' notes, reports and other mental impressions, (2) work plans, status reports, briefings, opinion papers, and proposals, (3) draft documents, (4) construction cost estimates, (5) attorney-client privilege, and (6) factual materials that were compiled for a specific

pending procedure and an essential part of a specific policy-making process.

▉ Defendant places the majority of the withheld documents under its first category, which includes the notes, reports, and other mental impressions of federal officials.[2] These documents are in the form of notes taken by employees in internal meetings, emails exchanging thoughts and opinions about various legal and policy decisions, highlighted words or phrases on documents indicating employees' opinions as to the importance of various parts of a document, and other impressions and opinions of federal officials in similar forms. These are all part of the group thinking and preliminary actions encompassed by the policy making process in an agency. Disclosure of such documents would risk causing an injury to the quality of this process, which is what Exemption 5 seeks to avoid. The Vaughn Index clearly identifies the type of material being withheld and the form in which it is found for both the fully exempted documents as well as the redacted portions of others. As such, this Court finds defendant properly withheld these documents under the deliberative process privilege of Exemption 5.

▉ Defendant's second category of documents contains work plans, status reports, briefings, opinion papers, and proposals.[3] The reasoning behind the protection of these documents is similar to that behind the documents within category one: the documents are both predecisional and deliberative materials related to the formulation of the policy decisions behind the

proposed project on the 25 acre plot of land. The documents contained the opinions, speculations, suggestions, updates, corrections, and proposed plans involved in the decision-making process behind defendant's project. Again, disclosure of such information would stifle the candor necessary in an agency's policy making process and, as such, this Court finds defendant's invocation of Exemption 5 for these documents was proper.

▉ Similar to defendant's previous two categories, defendant's third category—drafts—consists of earlier versions of final agency documents or versions of documents which were not ultimately adopted.[4] Many of these documents contain the opinions and suggested changes of federal officials as well. As these documents also fall within the predecisional and deliberative category, defendant's invocation of Exemption 5 was proper.

▉ Defendant invokes the deliberative process privilege to protect documents 17–19 and 37 under its fourth category—construction cost estimates. This Court has previously held that construction cost estimates are of the deliberative and predecisional nature intended to be protected by the deliberative process privilege. *Quarles v. Dep't of Navy*, 893 F.2d 390, 393 (D.C.Cir.1990). As these documents are similar to the documents in *Quarles*, the Court finds that these documents were properly withheld by defendant under Exemption 5.

---

2. The documents defendant includes in this category are 1–8, 11, 14–21, 26, 27, 29, 32, 34–37, 39–48, 50, 53–57, 60–62, 64, 65, 72–74, 76, 79–82, 84, 89, 90, 93, 94, 95, 97, 98, 100, 101, 103, 106, 107, 109–117, 121, 123, 125–142, 144–147, 149–153, 155, 156, 158, 160, 161, 166, 168

3. The documents included by defendant in this category are 2, 9–13, 15, 22, 41, 56, 159, and 162.

4. The documents included by defendant in this category are 1, 4, 6, 8, 10–19, 22, 32, 34, 40, 44, 49, 52, 65, 69, 75, 82, 83, 85, 86, 89, 91, 93, 99, 105, 152, 153, and 163–167.

■ Defendant invokes the attorney-client privilege—category 5—within Exemption 5 regarding documents 38, 60, and 162. It is "clear that Congress had the attorney's workproduct privilege specifically in mind when it adopted Exemption 5 and that such a privilege had been recognized in the civil discovery context by the prior case law." *NLRB*, 421 U.S. at 154, 95 S.Ct. 1504. The Vaughn Index provides an adequate description of each of these documents, stating that each either contains facts given to an attorney by SNP employees for the purposes of receiving legal advice or the legal advice itself given to the SNP employees. Therefore, defendant properly exempted these documents based upon the attorney-client privilege.

■ Defendant asserts that documents 1, 20, 26, 27, 29–35, and 168 are also protected from disclosure under a sixth category within the deliberative process privilege exempting factual materials compiled for specific pending procedure that are an essential part of a specific policy-making process. The crux of defendant's argument rests upon the inclusion of these materials within the category of "confidential research information." Its logic rests upon the fact that disclosures that would not be permitted under civil discovery rules are also not permitted under the FOIA. As Federal Rule of Civil Procedure 26(c)(7) protects disclosure of "confidential research information", defendant asserts that as at least parts of each of the listed documents fit into this category, they should be exempt from plaintiff's FOIA request. Although judicial decisions involving Rule 26(c)(7) have included raw data developed by researchers—the primary type of information contained in the documents at issue—the D.C. Circuit Court has held this does not automatically qualify raw research data in FOIA cases for exemption: "[w]e do not think, however, that these discovery decisions, taken alone, would justify a decision to extend protection to this entire category of information in the FOIA context." *Burka v. U.S. Dep't of Health & Human Services*, 87 F.3d 508, 517 (D.C.Cir.1996). Therefore, in order to exempt documents in FOIA matters using the "confidential research information" privilege, the agency must prove "that the interest which it identifies as warranting protection in civil discovery . . . is both a generally recognized ground for shielding the material from discovery and actually implicated by [plaintiff's] request." *Id.* at 518.

> The National Historic Preservation Act of 1966 allows agencies to withhold from disclosure to the public, information about the location, character, or ownership of a historic resource *if the Secretary and the agency determine that disclosure may (1) cause a significant invasion of privacy; (2) risk harm to the historic resources; or (3) impede the use of a traditional religious site by practitioners.*

16 U.S.C. § 470w-3(a) (2003) (emphasis added). While such a provision indicates that shielding confidential research information covered by this statute is generally recognized, defendant has not met its burden of proving the materials included within these documents are the type described in the Act. Defendant acknowledges that the Secretary has not determined that disclosure of the information about these resources would fit into one of the three subcategories of the provision. Defendant claims that no determination by the Secretary has been made because such a decision would be too premature at this point. Thus, defendant's argument that these documents qualify and have been properly exempted as "confidential research information" is speculation at this point. As such, defendant has not met its burden of proving these documents are properly clas-

sified as "confidential research information" under FOIA standards. However, defendant claims several of these documents are included within other deliberative process categories under which they are still properly exempted.

Defendant lists two documents in the Vaughn Index withheld solely due to the confidential research privilege—documents 30 and 31. For the remaining documents, defendant has claimed the documents qualify for exemption based upon other deliberative process justifications in addition to the confidential research privilege. Defendant has partially redacted documents 1, 20, and 29 and has only withheld the portions containing the opinions, speculations, and proposals of federal employees. Thus, these documents qualify for protection under the deliberative process privilege covering the mental impressions of federal employees—defendant's category 1. Defendant asserts document 33 is protected by the deliberative process privilege under category 1 as well. After an in camera review of document 33, this Court finds no "federal officials' notes, reports and other mental impressions" other than objective descriptions of strictly factual material. Thus, this Court will not uphold defendant's invocation of Exemption 5 with respect to document 33, and will require that the document be produced to plaintiff. Document 34 contains several sections. After an in camera review of the document, this Court concludes that 34(a), (e), and (f) were properly withheld under Exemption 5 as they contain proposals, drafts, and opinions of federal employees, while 34(b), (c) and (d) do not contain material properly withheld under the deliberative process privilege and must be produced. Finally, defendant has withheld document 32 under the Exemption 5 privilege asserting that, in addition to confidential research material, it also includes drafts and mental impressions of federal employees. While document 32 is technically segregable, this Court concludes, after its in camera inspection, that the information not protected by the exemption is meaningless when not in the context of the protected material. The long standing rule in the D.C. Circuit is that "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). This Court finds that the non-exempt material is, in fact, "inextricably intertwined" and, as such, concludes that document 32 was properly withheld under Exemption 5.

Thus, of the documents included by defendant in their sixth category exempting factual materials compiled for specific pending procedure that are an essential part of a specific policy-making process, documents 30, 31, 33, 34(b), 34(c), and 34(d) have not been properly withheld and shall therefore be disclosed to plaintiff. The remaining documents—1, 20, 26, 27, 29, 32, 34(a), 34(e), 34(f), 35, and 168—while improperly withheld under the reasoning behind defendant's sixth category, can be withheld by the deliberative process exemption through alternate arguments and, as such, were properly withheld.

Plaintiff makes a conclusory statement that, as this matter involves the construction of a parking lot, the documents withheld by defendant are factual and not policy-related in nature, and thus its use of the deliberative process privilege is improper. This statement is unsupported and without merit. Many issues related to policy decisions and debate are involved in defendant's actual proposed project on the 25 acre tract as well as its impact on the surrounding environment. Further, the general purposes of an EA, as noted by defendant in its reply to plaintiff's opposition, are clearly policy related in nature.

### 3. Defendant's Invocation of Exemption 6

 Exemption 6 protects disclosure under FOIA of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). In order for Exemption 6 to be properly invoked, an agency must prove "first that they are 'personnel and medical files and similar files,' and second that their disclosure 'would constitute a clearly unwarranted invasion of personal privacy.'" *Judicial Watch, Inc. v. Export–Import Bank*, 108 F.Supp.2d 19, 36 (D.D.C. 2000) (Lamberth, J.) (quoting *Department of State v. Washington Post Co.*, 456 U.S. 595, 599–603, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982)). This Court further noted that

> the first criterion of Exemption 6 is met if the information "appl[ies] to a particular individual" and is "personal" in nature. *New York Times Co. v. NASA*, 852 F.2d 602, 606 (D.C.Cir.1988). Further, the information need not be contained in a "personnel" file. *Washington Post Co.*, 456 U.S. at 601, 102 S.Ct. 1957. The second step of an Exemption 6 analysis is to strike a "balance between the protection of an individual's right to privacy and the preservation of the public's right to government information." *37 Id.* at 599, 456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed.2d 358. The "public interest" in the analysis is limited to the "core purpose" for which Congress enacted the FOIA: to "shed . . . light on an agency's performance of its statutory duties." *U.S. Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

*Judicial Watch, Inc.*, 108 F.Supp.2d at 36–37.

 Plaintiff no longer challenges defendant's invocation of Exemption 6 regarding document 26, document 34(c), folder 3, and the name contained within document 63. However, defendant still argues that Exemption 6 applies to the personal phone numbers and names and addresses of individuals included on documents 35, 37, 58, and 63. Certainly the names, phone numbers, and addresses of individuals included within these documents qualify as "personal" in nature. Further, there is little, if any, public interest involved in the disclosure of this information, as disclosure most likely will not shed any light on the agency's performance. Thus, the balance is in favor of the protection of the privacy of the individuals and, as such, this Court finds Exemption 6 was properly applied by defendant to these documents.

### 4. Segregability

 The FOIA requires that "any reasonable segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b) (2003). No document is exempt from this requirement as "the 'segregability' requirement applies to all documents and all exemptions in the FOIA." *Center for Auto Safety v. E.P.A.*, 731 F.2d 16, 21 (D.C.Cir. 1984). In order for an agency to meet its burden of demonstrating that the withheld documents are properly exempted and have been reasonably segregated it must "provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *King v. Dep't of Justice*, 830 F.2d 210, 224 (D.C.Cir.1987) (citation omitted).

 Plaintiff argues that defendant fails to meet its burden of providing the required detailed justification and instead merely makes conclusory statements indi-

cating the documents were reviewed and could not be segregated. While defendant's motion for summary judgment and responsive filings contain conclusory statements, its Vaughn Index provides the necessary detailed justification which identifies why the particular exemptions apply. Further, the Index indicates when certain documents were segregated and identifies what information was disclosed and what was protected. Therefore, plaintiff's challenge to defendant's motion for summary judgment based upon defendant's failure to properly segregate the withheld documents is without merit.

### B. Plaintiff's Motion for Summary Judgment

With the exception of documents 30, 31, 33, 34(b), 34(c), and 34(d), all of the arguments offered in plaintiff's motion for summary judgment are either direct challenges to defendant's motion for summary judgment or raise issues that do not preclude the Court from granting defendant's motion. Each of these issues has been addressed in the preceding section. As such, this Court need not address plaintiff's motion further. Regarding documents 30, 31, 33, 34(b), 34(c), and 34(d), defendant has not met its burden of demonstrating that the documents were properly withheld under Exemption 5 and, as such, plaintiff's motion shall be granted with respect to these documents.

### CONCLUSION

Defendant has satisfied its burden of demonstrating its search conducted in response to plaintiff's three FOIA requests was reasonably conducted and thus adequate. Further, defendant satisfied its burden of proving its use of FOIA Exemptions 3, 5, and 6 with the exception of documents 30, 31, 33, and 34(b), 34(c), and 34(d). Plaintiff's arguments raised in opposition to defendant's motion do not preclude defendant's motion for summary judgment regarding the remaining documents. As such, defendant's motion for summary judgment shall be denied regarding documents 30, 31, 33, 34(b), 34(c), and 34(d) and shall be granted as to the remaining documents. Plaintiff's motion for summary judgment shall be granted regarding documents 30, 31, 33, 34(b), 34(c), and 34(d) and shall be denied as to the remaining documents.

A separate order shall issue this day.

### *MEMORANDUM ORDER*

This matter comes before the Court on defendant's motion to clarify or alter or amend the judgement entered on August 7, 2003.[1] Upon consideration of defendant's motion and the record in this case, the motion to clarify or alter or amend the judgment will be granted for the reasons set forth below.

As a threshold matter, a trial court exercises considerable discretion to grant or deny a Rule 59(e) motion. *Goulding v. IRS*, 1997 WL 47450, at *1 (N.D.Ill. Jan.30, 1997) (citing *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir.1992)). The court properly invokes its discretion to grant a Rule 59(e) motion if it finds there is (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C.Cir.1998). Rule 59(e) motions are

---

1. Plaintiff filed a Notice of Appeal on September 17, 2003. By Order dated October 3, 2003, the Court of Appeals directed that this matter be held in abeyance pending resolution of defendant's motion to clarify or alter or amend the judgment, which was filed on August 21, 2003.

generally not granted if the court suspects the losing party is using the motion as a mere instrumentality of arguing the same theory or asserting new arguments that could have been raised prior to final judgment. *Taylor v. DOJ*, 268 F.Supp.2d 34, 35 (D.D.C.2003) (citing *Kattan v. D.C.*, 995 F.2d 274, 276 (D.C.Cir.1993) (citations omitted)).

The issue before the Court is straight forward. Defendant asserts part of a document was ordered released to plaintiff erroneously. On August 7, 2003, this Court granted plaintiff's motion for summary judgment concerning documents 30, 31, 33, 34(b), 34(c), and 34(d) and accordingly ordered defendant release them to plaintiff. In all other respects, plaintiff's motion was denied. With the exception of the above documents, defendant's motion for summary judgment was granted. Defendant's motion to clarify or alter or amend judgment implicates only document 34(c), folder 3 (entitled "Neighbor's artifacts"). Defendant points to an inconsistency between the Court's August 7 opinion and order as it relates to this document.

The Court's August 7 opinion noted that "[p]laintiff no longer challenges defendant's invocation of Exemption 6 regarding document 26, document 34(c), folder 3, and the name contained within document 63." *Id.* at 18. *See also* Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment at 22 (stating plaintiff "is prepared to waive release of Document 26, third folder ('Neighbor's artifacts') of Document 34(c)"). The Court then denied defendant's motion for summary judgment regarding the aforementioned documents. Document 34(c) was named, without qualification, among these documents. As a result, compliance would mandate defendant release document 34(c) and all of its constituent parts, including folder 3. The Court will grant defendant's Rule 59(e) motion because document 34(c), folder 3 was not in dispute, as plaintiff indicated his willingness to waive release thereof. The Court inadvertently ordered document 34(c) fully released to plaintiff without noting folder 3 was not required to be disclosed. Therefore, relief is granted to defendant on the grounds of correcting error. *Anyanwutaku*, 151 F.3d at 1057–58 (D.C.Cir.1998). Defendant is hereby relieved from judgment with respect to folder 3 of document 34(c) (entitled "Neighbor's artifacts"). As such, defendant is permitted to withhold said document.

The motion to clarify or alter or amend the judgment is hereby **GRANTED**. The judgement entered on August 7, 2003 is hereby **AMENDED** to delete any requirement that defendant release folder 3 of document 34(c). The order filed the same date is also so **AMENDED**.

**SO ORDERED.**