**GROUND SAUCER WATCH, INC., Appellant,**

Harvey Brody

v.

**CENTRAL INTELLIGENCE AGENCY et al.**

No. 80–1705.

United States Court of Appeals, District of Columbia Circuit.

Aug. 17, 1981.

Appeal from the United States District Court for the District of Columbia (D.C. Civil Action No. 78–0859).

Before WRIGHT, Circuit Judge, VAN DUSEN,* Senior Circuit Judge, and GINSBURG, Circuit Judge.

PER CURIAM.

JUDGMENT

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia

* Of the Third Circuit, sitting by designation pursuant to 28 U.S.C. § 294(b) (1976).

and was argued by counsel. For the reasons stated in the accompanying memorandum,

It is ORDERED and ADJUDGED by this court that the judgment of the District Court appealed from in this cause is hereby affirmed.

## MEMORANDUM

■■■ This case comes before us on appeal from a District Court decision to grant appellees' motion for summary judgment. It presents a single troublesome issue. Following a search of its files that resulted in release of over 900 pages of documents, the Central Intelligence Agency (CIA) filed affidavits indicating that it had conducted a thorough search for materials defined by appellant's Freedom of Information Act (FOIA) request.[1] Under the applicable legal standard, agency affidavits will ordinarily suffice to establish the adequacy of an FOIA search effort if they are " 'relatively detailed' and nonconclusory and * * * submitted in good faith." *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978) (footnote omitted), *quoted in Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 836 (D.C.Cir.1979). The District Court found, and appellant cannot seriously dispute, that the Agency affidavits here in issue were relatively detailed and nonconclusory. Ground Saucer Watch does, however contest the conclusion that it failed to raise a substantial and material question about the CIA's good faith. Its argument on this point defines the issue before us: Viewing the evidence in the light most favorable to appellant, can it be said that the CIA affidavits left no substantial and material fact to be determined and that appellees were entitled to summary judgment as a matter of law?[2]

■■■ As this court held in *Founding Church of Scientology v. National Security Agency, supra,* 610 F.2d at 834, "[T]he competence of any records-search is a matter dependent upon the circumstances of the case * * *." Agency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents. *See, e.g., Goland v. CIA, supra,* 607 F.2d at 355. In order to prevail on this appeal, therefore, appellant must point to evidence sufficient to put the Agency's good faith into doubt. Although Ground Saucer Watch advances numerous arguments, in none do we find a sufficient link between asserted fact and argued inference to raise a serious and material question requiring trial on the merits.

Appellant relies, first, on the search instructions that the CIA issued to the employees actually canvassing its files. Those instructions called for a search of only those files identified in a stipulation entered by the parties on August 23, 1978 and approved by the District Court on September 15, 1978[3]: they stated that the stipulation "so changes the [appellant's] original requests, original complaint and revised complaint that the latter have, in effect, become immaterial to the search you will conduct * * *."[4] According to appellant, the CIA showed its bad faith by not directing a search responsive to all of Ground Saucer

1. The CIA released the materials to appellant on December 14, 1978. Affidavits explaining its search procedures, together with indices to the uncovered documents, were filed with the District Court on February 26, 1979. The affidavits were by George Owens, CIA Information and Privacy Act Coordinator; Robert Owen, Directorate of Operations documents; Karl Weber, Office of Scientific Intelligence documents; Sidney Stembridge, Office of Security documents; and Rutledge Hazzard, Directorate of Science & Technology documents.

2. The Freedom of Information Act retains this traditional legal test of the propriety of summary judgment. *Founding Church of Scientology v. National Security Agency,* 610 F.2d 824, 836 (D.C.Cir.1979).

3. The stipulation, which was designed to "clarify and simplify the issues" developed in literally hundreds of document requests, pleadings, and interrogatories over a three-year period, defined the documents at issue in this case and identified precisely where the CIA would search for those documents.

4. *Quoted in* Memorandum Opinion in *Ground Saucer Watch, Inc. v. CIA,* D. D.C. Civil Action No. 78–859, at 8 (May 30, 1980), Appellant's Appendix (App.) at 147.

Watch's earlier requests. The answer to this argument appears in the plain language of the stipulation, the stated purpose of which was to "clarify and simplify the issues"[5] arising from appellant's earlier demands for production. In addition to the amended complaint incorporating by reference the FOIA requests of various nonparties, these included 635 interrogatories and 274 requests for other documents. Under the circumstances, we agree with the District Court that the stipulation contemplated "simplification" by limiting the Agency's search obligations to the files and documents defined therein.[6] Noting that appellant drafted the terms of the stipulation that defined the files to be searched, we must reject its claim in this court that a search limited to those files "ignore[d]" the stipulation's "content and intent."[7]

█ Appellant also purports to find evidence of bad faith in the CIA's failure to produce all of the documents "referenced" in the more than 900 pages of materials that were disclosed following the *de novo* search conducted pursuant to the stipulation. Yet the CIA's affidavits assert entirely plausible reasons for the absence of the missing documents. Most are old, and some naturally have become lost or illegible.[8] Moreover, as this court held in *Goland v. CIA, supra,* 607 F.2d at 369, "The issue [is] not whether any further documents might conceivably exist but whether CIA's search for responsive documents was adequate." (Emphasis deleted.) Although the failure to produce identified documents might

sometimes raise a substantial and material question of good faith, *see Founding Church of Scientology v. National Security Agency, supra,* 610 F.2d at 835, the reasonableness of an inference necessarily depends on its factual context. *Id.* at 834–835. Here, the missing documents can be identified almost solely through references contained in the more than 900 pages of documents that the CIA did produce. *Compare Founding Church of Scientology v. National Security Agency, supra,* in which NSA had produced no documents in response to the plaintiff's request. Moreover, the CIA's large disclosure occurred following a *de novo* search of its records, conducted pursuant to stipulated search instructions drafted in pertinent parts by appellant's own attorneys. In the absence of other evidence, the institution of a *de novo* search significantly undercuts appellant's argument that earlier noncooperation by the CIA raises a substantial question of current bad faith on the part of the Agency. Indeed, if the release of previously withheld materials were held to constitute evidence of present "bad faith," similar evidence would exist in every FOIA case involving additional releases of documents after the filing of suit. *See Fonda v. CIA,* 434 F.Supp. 498, 502 (D.D.C. 1977).

█ There is, finally, no evidence whatever to support appellant's bald allegation that the CIA did not in fact conduct a *de novo* search of its files. Such unadorned speculation will not compel further discovery or resist a motion for summary judg-

5. Stipulation and Order, *Ground Saucer Watch, Inc. v. CIA,* D. D.C. Civil Action No. 78–859, at 1 (Sept. 15, 1978), App. at 94.

6. *See Ground Saucer Watch, Inc. v. CIA, supra* note 4, at 7–8, App. at 146–147.

7. Brief for appellant at 17. Appellant argues in this court that the District Court misconstrued the stipulation in holding that it "did not refer to the original requests, original complaint, or amended complaint." *Ground Saucer Watch, Inc. v. CIA, supra* note 4, at 8, App. at 147. As appellant notes, the stipulation did, in fact, expressly adopt certain definitions—including those of "documents" and "UFOs"—contained in the interrogatories. *See* Stipulation and Order, *supra* note 5, at 1 & nn. 1–4, App. at 94 & nn. 1–4. But we do not understand either the

District Court's opinion or the CIA's search instructions to have ignored those definitions. As we read them, they merely meant to recognize that the stipulation's request for "[a]ll documents in the possession or under the control of the CIA from wherever obtained, relating to Unidentified Flying Objects (UFOs) and the UFO Phenomena," *id.* (footnotes omitted), superseded the earlier requests and rendered unnecessary a separate search for materials identified therein. So understood, neither the CIA's search instructions nor the District Court's opinion can be viewed as mischaracterizing the aim of the stipulation.

8. *See* Supplementary Affidavit of George Owens at 5–7 (Sept. 10, 1979), Supplementary Appendix at 48–51.

ment. *Goland v. CIA, supra,* 607 F.2d at 352 & n. 78 (citing cases).

The judgment of the District Court is, accordingly,

*Affirmed.*