Charles Russell TWIST, Plaintiff,

v.

Edwin MEESE III, Attorney General,
U.S. Department of Justice,
Defendant.

Civ. A. No. 86–3220.

United States District Court,
District of Columbia.

April 2, 1987.

Irving Kator, Joseph B. Scott, Washington, D.C., for plaintiff.

Gena E. Cadieux, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiff Twist, formerly an attorney in the Antitrust Division of the Department of Justice, sues the Attorney General in his official capacity alleging that he was unlawfully terminated on August 15, 1986. He seeks a declaration that his termination violated his first and fifth amendment rights and claims he is entitled to an injunction reinstating him with backpay and prohibiting acts of reprisal. Defendant has moved to dismiss for failure to state a claim upon which relief can be granted. After consideration of defendant's motion, Twist's opposition, defendant's reply and the various exhibits filed, the Court has determined the complaint must stand dismissed so far as it recites a violation of Twist's first amendment rights.

It appears from the motion papers that at the time he was terminated Twist was a GS–14 employee in the Great Lakes, Michigan, office of the Antitrust Division of the Department of Justice. In May 1985, while aiding a grand jury inquiry, he came to believe some of his superiors were engaged in a conspiracy to obstruct the investigation by proposing to seek immunity for persons targeted by the inquiry. He states he brought his concerns to the attention of other higher superiors, who referred the matter to the Department's Office of Professional Responsibility, but when this Office did not act promptly he twice told the judge who had empanelled the grand jury of the conspiracy he suspected and also informed the United States Attorney. Thereafter, he alleges, his actions were criticized by the superiors he believed were conspiring and he was ultimately terminated on their recommendation, "for the good of the service," by an official letter after questioning by the Assistant Attorney General for the Antitrust Division.

While the first amendment claim is vigorously disputed by defendant it cannot be resolved on a motion to dismiss. Twist alleges, in essence, that he is a "whistleblower" who has been penalized for revealing illegal official action.[1] Defendant contends Twist's conspiracy allegations were not a substantial motivating factor underlying the termination but rather that Twist was terminated for insubordinate and unprofessional conduct principally involving his failure to cooperate in meetings called by supervisors to monitor his work and his threats of legal action against them for scheduling meetings to review his work,

---

1. Plaintiff's claim would appear to be proper for submission to the Office of Special Counsel under 5 U.S.C. § 1206 (1982) on the claim that defendant's action constituted reprisal against a whistleblower constituting a prohibited personnel practice under 5 U.S.C. § 2302(b)(8)(A) (1982). This provision was a major component of the Civil Service Reform Act of 1978 and provides streamlined procedures designed to encourage responsible whistleblowing that are superior in many respects to judicial procedures. See Spagnola v. Mathis, 809 F.2d 16, 21–22 (D.C. Cir.1987), reh'g en banc granted in part, Jan. 6, 1987. Despite the efficacy of these procedures there appears to be no requirement that plaintiffs must exhaust them before seeking relief in court, see Borrell v. United States Intn'l Communications Agency, 682 F.2d 981, 984–85 (D.C.Cir. 1982), and plaintiff's request for reinstatement is within the power of the Court to grant, see Hubbard v. EPA, 809 F.2d 1, 11–12 (D.C.Cir. 1986), reh'g en banc granted in part, Jan. 6, 1986.

coupled with generally disrespectful behavior. Twist insists these meetings and other demands of suspect supervisors involved were in retaliation to his conspiracy allegation.

■ Defendant recognizes the reason for termination is disputed but seeks dismissal on the ground that as a matter of law Twist did not engage in protected speech. As a government employee speaking in an employment context, to obtain first amendment protection Twist must ultimately prove both that his speech was on a matter of public concern and that his interest in speaking outweighed the government's interest, as an employer, "in the effective and efficient fulfillment of its responsibilities to the public." *Connick v. Myers*, 461 U.S. 138, 150, 103 S.Ct. 1684, 1692, 75 L.Ed.2d 708 (1983).

■ Here the involved speech implicated a matter of public concern. Defendant suggests that his interest in the proper exercise of his prosecutorial responsibilities outweighed any contrary interest Twist may have had in speaking at the time and in the manner he chose. Whether Twist's speech threatened to impede the investigation by prejudicing the judge, endangered any grant of immunity that was being considered, lacked substance, was inappropriate procedurally, avoided established channels, or threatened substantial disruption of working relationships within the Antitrust Division are all fact questions to be explored at a later date.

■ Given a motion to dismiss the Court is limited to ruling on the sufficiency of the bare allegations in the complaint. The claim, as amplified on the motion, recites that Twist reasonably believed his superiors were conspiring to obstruct justice and that he brought this belief to the attention of appropriate Department of Justice officials, and that when they took no action he informed the empanelling judge and the United States Attorney. These allegations are minimally sufficient to establish the arguably protected nature of the speech.

The first amendment claim must therefore be held for future proceedings.

■ Twist also claims his termination violated his fifth amendment due process rights because he enjoyed a property interest in his position which barred termination except for good cause after pre-termination notice and a hearing; he claims these protections were not provided. Such a property interest is implicated only if Twist had a "legitimate claim of entitlement" to his position based on an independent rule or understanding of law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Twist fails this test because he was an "excepted service" employee under 5 U.S.C. § 2103(a) (1982), *see* 5 C.F.R. § 213.3102(d) (1986). Excepted service employees who are not veterans lack any statutory entitlement to their position that could generate a protected property interest. *See, e.g., Doe v. Department of Justice*, 753 F.2d 1092, 1097 n. 4, 1100 & n. 8 (D.C.Cir.1985). Only "competitive service" employees as defined by 5 U.S.C. § 2102(a)(1) (1982) possess a protected property interest as they are shielded from removal except for cause under 5 U.S.C. § 7513 (1982).

■ Twist argues that one of the "prohibited personnel practices" established by the Civil Service Reform Act of 1978 and codified at 5 U.S.C. 2302(b)(10) (1982) grants him a property interest in his excepted service position. That provision in part prohibits discrimination against an employee "on the basis of conduct which does not adversely affect the performance of the employee...." It has two effects. Substantively, it makes clear that where a competitive service employee is removed for cause pursuant to 5 U.S.C. § 7513, the ground for removal must have a rational nexus with the employee's duties. *Merritt v. Department of Justice*, 6 MSPB 493, 508, 6 M.S.P.R. 585, 604 (1981). Jurisdictionally, it allows competitive service employees and most excepted service employees (including Twist), *see* 5 U.S.C. 2302(a)(2) (1982), to complain under 5 U.S.C. § 1206 (1982) of prohibited personnel practices to

the Office of Special Counsel. *Merritt, supra,* 6 MSPB at 506–08, 6 M.S.P.R. at 602–04. It does not confer any form of property interest in a government position.[2]

All claims for relief in the complaint will be dismissed except the first amendment claim. An appropriate Order is filed herewith.

### ORDER

Upon consideration of defendant's motion to dismiss, plaintiff's opposition, defendant's reply, the various exhibits filed and the entire record herein, for the reasons stated in an accompanying memorandum filed herewith, it is hereby

ORDERED that defendant's motion is granted in part; and it is further

ORDERED that all claims for relief in the complaint are dismissed except the first amendment claim, which defendant shall answer within the time allowed by the Federal Rules of Civil Procedure; and it is further

ORDERED that a scheduling conference is set for April 29, 1987, at 9:00 a.m., in Courtroom No. 6.

---

**2.** Plaintiff's reliance on *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) in arguing he had a protected property right is misplaced, as *Loudermill* addresses the pre-termination process due once a property right has been established, which was conceded in the case, *see id.* at 535, 539, 105 S.Ct. at 1490, 1492. In any event, plaintiff received pre-termination review sufficient to satisfy the *Loudermill* standard, *see id.* at 546, 105 S.Ct. at 1495–96; he received notice of the charges against him, an account of defendant's evidence, and an opportunity to present his view of the facts. Plaintiff's request for a declaration that the termination violated his rights under 5 U.S.C. 4303 (1982) is also misplaced as that section, prescribing procedures for reductions in grade or removals for unacceptable performance, is not implicated by the facts plaintiff presents and in any event does not apply to non-veteran excepted service employees such as plaintiff. *Doe, supra,* 753 F.2d at 1097 n. 4.