United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued December 9, 2002 Decided January 17, 2003 

 No. 01-5367

 Guillermo Felipe DueNas Iturralde, 
 Appellant

 v.

 Comptroller of the Currency, et al., 
 Appellees

 Appeal from the United States District Court 
 for the District of Columbia 
 (No. 97cv01519)

 Jonathan Cohen argued the cause for appellant. With him 
on the briefs were Alexander E. Eagleton and Herbert E. 
Milstein.

 Peter D. Blumberg, Assistant U.S. Attorney, argued the 
cause for appellees. With him on the brief were Roscoe C. 
Howard, Jr., U.S. Attorney, and R. Craig Lawrence, Assis-

tant U.S. Attorney. Heather J. Kelly, Assistant U.S. Attor-
ney, entered an appearance.

 Before: Ginsburg, Chief Judge, and Rogers and Tatel, 
Circuit Judges.

 Opinion for the Court filed by Circuit Judge Rogers.

 Rogers, Circuit Judge: Guillermo Felipe DueNas Iturralde 
appeals the grant of summary judgment to the State Depart-
ment on DueNas's claim that it failed to conduct an adequate 
search for documents that he requested under the Freedom 
of Information Act, 5 U.S.C. s 552 ("FOIA"). Because Due-
Nas did not preserve a challenge to the sufficiency of the 
Department's affidavit and, in attacking the adequacy of the 
Department's search, has not presented evidence that would 
tend to show that a particular document was in the Depart-
ment's files, we affirm.

 I.

 DueNas is a retired Ecuadorean admiral who was an execu-
tive of Banco de los Andes and of Banco de los Andes 
International, banks that operate in Ecuador and the Carib-
bean island of Montserrat, respectively. When he sought to 
purchase a bank in the United States, his application was 
rejected by the Office of the Comptroller of the Currency 
because DueNas had allegedly not been truthful in revealing 
that Banco de los Andes International was under investiga-
tion for money laundering. DueNas subsequently filed a 
request under the FOIA for all information relating to him 
and Banco de los Andes in possession of the Comptroller, the 
Drug Enforcement Agency ("DEA"), and, as later clarified, 
the State Department. Dissatisfied with the responses that 
he received, DueNas filed suit in the United States District 
Court.

 After the agencies had produced additional documents, the 
district court granted summary judgment, concluding that the 
agencies had properly withheld certain documents under the 
FOIA exemptions and that the searches for documents had 
been adequate. DueNas did not appeal the grant of summary 

judgment to the Comptroller and the DEA. In an unpub-
lished order, this court summarily affirmed summary judg-
ment with respect to the State Department's invocation of 
various exemptions to justify withholding documents. Thus, 
the only issue in this appeal is DueNas's contention that the 
State Department did not conduct an adequate search for 
various records.

 II.

 Our review of the district court's grant of summary judg-
ment is de novo. Valencia-Lucena v. United States Coast 
Guard, 180 F.3d 321, 326 (D.C. Cir. 1999). At the summary 
judgment stage, the agency has the burden of showing that it 
complied with the FOIA, id., and in response to a challenge to 
the adequacy of its search for requested records the agency 
may meet its burden by providing "a reasonably detailed 
affidavit, setting forth the search terms and the type of 
search performed, and averring that all files likely to contain 
responsive materials ... were searched." Id. (quoting Ogles-
by v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. 
Cir. 1990)). The plaintiff may then provide "countervailing 
evidence" as to the adequacy of the agency's search. Found-
ing Church of Scientology of Washington, D.C., Inc. v. Nat'l 
Sec. Agency, 610 F.2d 824, 836 (D.C. Cir. 1979). "[I]f a 
review of the record raises substantial doubt, particularly in 
view of 'well defined requests and positive indications of 
overlooked materials,' summary judgment is inappropriate." 
Valencia-Lucena, 180 F.3d at 326 (quoting Founding Church 
of Scientology, 610 F.2d at 837) (citation omitted).

 DueNas contends that the State Department's search was 
inadequate for two reasons: First, the search was inadequate 
because the Department concluded that there were no docu-
ments responsive to his FOIA request in the Bureau of 
International Narcotics and Law Enforcement Affairs, even 
though the Bureau had published in 1993 an International 
Narcotics Strategy Report ("1993 Report") that claimed that 
Banco de los Andes was involved in money laundering; Due-
Nas attached the relevant pages of the report to one of his 

requests to the Department. Second, the search was inade-
quate because the Department initially delayed its search for 
documents.

 In addressing DueNas's contentions the court is not pre-
sented with a properly preserved challenge to the adequacy 
of the State Department's affidavit. At oral argument in this 
court DueNas challenged the sufficiency of the affidavit, which 
stated conclusorily that the Department had informed DueNas 
by letter that a search of the files of the Bureau of Interna-
tional Narcotics and Law Enforcement Affairs had been 
conducted, referencing several letters to DueNas. As DueNas 
pointed out in oral argument, at no point does the affidavit 
state under oath that a search of the files of the Bureau of 
International Narcotics and Law Enforcement Affairs was 
conducted or describe the nature of that search. Whatever 
deficiencies may exist in this affidavit, see Valencia-Lucena, 
180 F.3d at 326; Weisberg v. United States Dep't of Justice, 
627 F.2d 365, 370 (D.C. Cir. 1980), however, DueNas never 
challenged the sufficiency of the affidavit in the district court. 
Consequently, any challenge to the adequacy of the Depart-
ment's affidavit is not properly before this court. Nat'l Rifle 
Ass'n of Am. v. FEC, 854 F.2d 1330, 1336-37 (D.C. Cir. 1988); 
Tarpley v. Greene, 684 F.2d 1, 7 n.17 (D.C. Cir. 1982). 
Moreover, DueNas's briefs on appeal state only that the 
affidavit was conclusory, without further argumentation or 
further elaboration; this is the type of "asserted but unana-
lyzed" contention that is insufficient to preserve the issue on 
appeal even if he had raised it in the district court. See SEC 
v. Banner Fund Int'l, 211 F.3d 602, 613 (D.C. Cir. 2000) 
(quoting Carducci v. Regan, 714 F.2d 171, 177 (D.C. Cir. 
1983)). We therefore treat the affidavit as sufficient. Again, 
the only question on appeal is whether DueNas has provided 
sufficient evidence to raise "substantial doubt" concerning the 
adequacy of the Department's search. See Valencia-Lucena, 
180 F.3d at 326.

 DueNas maintains that the State Department initially de-
nied that it had any responsive documents in its files, and 
that this denial (later proven false) shows that the Depart-
ment's search was inadequate. However, the record reveals 

that the Department's first response to DueNas's FOIA re-
quest was to send a form letter advising DueNas to seek the 
materials from the Comptroller and the DEA. Apparently 
the Department read his FOIA request only to seek records 
from the Comptroller and the DEA, a reasonable conclusion 
given DueNas's initial letter to the State Department; only 
later did he clarify to the Department that he was also asking 
it to search its own records. Once DueNas responded by 
letter with a more specific request, referring to the 1993 
Report, the Department began its search. In these circum-
stances we conclude that there is no evidence of bad faith by 
the Department, particularly in view of the fact that initial 
delays in responding to a FOIA request are rarely, if ever, 
grounds for discrediting later affidavits by the agency. See, 
e.g., Meeropol v. Meese, 790 F.2d 942, 952 (D.C. Cir. 1986); 
Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 772 (D.C. 
Cir. 1981).

 DueNas maintains further that the inadequacy of the search 
is obvious in light of the fact that the Department failed to 
find the 1993 Report referring to one of DueNas's banks as 
being involved in money laundering. DueNas characterizes 
this fact as a "positive indication[ ] of overlooked materials" 
under Valencia-Lucena, especially since in correspondence 
with the Department he mentioned the 1993 Report in seek-
ing associated documents. Arguably, such a "well defined 
request" would make a court wary of summary judgment for 
the government. Valencia-Lucena, 180 F.3d at 326. But it 
is long settled that the failure of an agency to turn up one 
specific document in its search does not alone render a search 
inadequate. See Nation Magazine v. United States Customs 
Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Meeropol, 790 
F.2d at 952-54; see also Maynard v. CIA, 986 F.2d 547, 564 
(1st Cir. 1993); Miller v. United States Dep't of State, 779 
F.2d 1378, 1384-85 (8th Cir. 1986). Rather, the adequacy of a 
FOIA search is generally determined not by the fruits of the 
search, but by the appropriateness of the methods used to 
carry out the search. Steinberg v. Dep't of Justice, 23 F.3d 
548, 551 (D.C. Cir. 1994). After all, particular documents 
may have been accidentally lost or destroyed, or a reasonable 

and thorough search may have missed them. Miller, 779 
F.2d at 1384-85; see also Goland v. CIA, 607 F.2d 339, 353 
(D.C. Cir. 1978).

 In certain circumstances, a court may place significant 
weight on the fact that a records search failed to turn up a 
particular document in analyzing the adequacy of a records 
search. See Krikorian v. Dep't of State, 984 F.2d 461, 468 
(D.C. Cir. 1993). However, DueNas fails to offer evidence of 
circumstances sufficient to overcome an adequate agency 
affidavit. DueNas does not maintain that the Department 
failed to search particular offices or files where the document 
might well have been found. See Valencia-Lucena, 180 F.3d 
at 327; Krikorian, 984 F.2d at 468. Neither does he main-
tain that the Department failed or refused to interview gov-
ernment officials for whom there was strong evidence that 
they might have been helpful in finding the missing docu-
ments. See Valencia-Lucena, 180 F.3d at 327-28. Nor does 
he maintain that the Department ignored indications in docu-
ments found in its initial search that there were additional 
responsive documents elsewhere. See Campbell v. United 
States Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998). In 
addition, DueNas does not point to evidence that would indi-
cate that at the time the Department searched its files there 
was reason to believe that the 1993 Report was in those files. 
Thus, this case is unlike Oglesby v. United States Dep't of the 
Army, 79 F.3d 1172, 1185 (D.C. Cir. 1996), where there was 
evidence in a published book that the agency had produced 
records in response to a FOIA request by another individual, 
or Founding Church of Scientology, 610 F.2d at 834, where 
the court relied on the distribution of responsive documents 
by the agency to other agencies. Further, in those cases, the 
adequacy of the agency affidavits was at issue and the 
affidavits were determined to be inadequate for purposes of 
summary judgment. See Oglesby, 79 F.3d at 1185; Founding 
Church of Scientology, 610 F.2d at 834-37. In short, "[m]ere 
speculation that as yet uncovered documents may exist does 
not undermine the finding that the agency conducted a rea-
sonable search for them." Safecard Servs., Inc. v. SEC, 926 

F.2d 1197, 1201 (D.C. Cir. 1991); see also Meeropol, 790 F.2d 
at 953-54.

 Accordingly, we affirm the grant of summary judgment to 
the Department.