**Charles Russell TWIST, Plaintiff,**

v.

**John ASHCROFT, Attorney General, Defendant.**

**No. CIV.A.01–1163 RMU/JM.**

United States District Court, District of Columbia.

Aug. 2, 2004.

Archie McRoy Nichols, Washington, DC, Charles Russell Twist, Arlington, VA, for Plaintiff.

Renee S. Orleans, U.S. Department of Justice, Washington, DC, for Defendant.

## *ORDER*

URBINA, District Judge.

### ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**ORDERED** that the report and recommendation submitted to this court on June 22, 2004, by Magistrate Judge Facciola and the findings made therein are **HEREBY ADOPTED** in total **GRANTING** the defendant's motion for summary judgment. The court notes that the plaintiff's legal argument in his objections to the Magistrate Judge's Reports and Recommendations, as opposed to his *ad hominem* attacks, were duly considered by the Magistrate Judge, as they are repetitious of the plaintiff's opposition to the defendant's motion for summary judgment. Nevertheless, in addition to adopting the report and recommendation as this court's opinion, the court furthers its opinion as follows.

As Magistrate Judge Facciola clearly presented in his Report and Recommendation on June 22, 2004, the plaintiff, to avoid summary judgment, must establish that the *Vaughn* index is "insufficient to permit the court to ascertain whether the FOIA exemptions have been properly claimed." Report and Recommendation on Def.'s Mot. for Summ. J. ("Report and Recommendation") at 3. In the plaintiff's objections to the report and recommendation and opposition to the plaintiff's motion for summary judgment, he attempts to avoid summary judgment by demonstrating the defendant's bad faith in failing to produce

OPR reports. Specifically, the plaintiff alleges the existence of "periodic status reports" from the OPR, which are not listed in the *Vaughn* index, nor exempt from production. Pl.'s Opp'n to Report and Recommendation ("Pl.'s Opp'n to Rep.") at 3–4; Pl.'s Opp'n to Mot. for Summ. J. ("Pl.'s Opp'n") at 20.

The plaintiff's assertions alone do not establish that the *Vaughn* index is insufficient because of the defendant's bad faith. *SafeCard Services, Inc. v. Sec. & Exch. Comm'n,* 926 F.2d 1197, 1200 (D.C.Cir. 1991); *see also Ground Saucer Watch, Inc. v. CIA,* 692 F.2d 770, 771 (D.C.Cir.1981). The court recognizes that while an agency's affidavits are presumed to be in good faith, a plaintiff can rebut this presumption with evidence of bad faith. *Id.* But such evidence cannot be comprised of "purely speculative claims about the existence and discoverability of other documents." *Safe-Card Servs., Inc.,* 926 F.2d at 1200 (citing *Ground Saucer Watch, Inc.,* 692 F.2d at 771).

Perusal of the *Vaughn* index, the court record, and the defendant's "Shaheen Memorandum" attachment, Pl.'s Opp'n to Rep. Ex. 1; Pl.'s Opp'n at 20, sheds no light on the existence of these documents. This court cannot embark on a time-consuming and costly goose chase in pursuit of phantom reports. The plaintiff bears the burden to show the existence of these documents; he failed to meet this burden. *Albuquerque Pub. Co. v. United States Dep't of Justice,* 726 F.Supp. 851, 860 (D.D.C.1989). Accordingly, the court grants the defendant's motion for summary judgment.

**SO ORDERED.**

1. All references to the United States Code or the Code of Federal Regulations are to the

## REPORT AND RECOMMENDATION

FACCIOLA, United States Magistrate Judge.

### Introduction

The controversy between plaintiff, Charles Russell Twist, and the Department of Justice is about to enter its second decade. I reviewed the history of that controversy for the period from 1986–2001 in a Report and Recommendation that was filed in Civil Action No. 86–3320. This lawsuit, Civil Action No. 01–1163, is a Freedom of Information and Privacy Act suit, 5 U.S.C. § 552,[1] by which Twist seeks to compel the Department of Justice to release certain documents that the Department claims are exempt from disclosure.

### Controlling Legal Principles

 The Department of Justice has now moved for summary judgment. In a previous opinion, I described defendant's burden when filing such a motion:

> To be entitled to summary judgment on a FOIA claim, the agency must also prove that each document was either produced, not withheld, unidentifiable, or exempt from disclosure. *Weisberg v. DOJ,* 627 F.2d 365, 368 (D.C.Cir.1980). To meet its burden, the agency may rely on affidavits or declarations and other evidence by the agency. Fed.R.Civ.P. 56(e); *Center for International Environmental Law v. Office of U.S. Trade Representative,* 237 F.Supp.2d 17, 23 (D.D.C.2002) (noting that the affidavits or declarations must describe "the documents and justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record or

electronic versions that appear in Westlaw or Lexis.

by evidence of agency bad faith."); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981). See also *Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir.1973). The government bears the burden of proving that the withheld documents fall within a FOIA exemption. *Mead Data Central, Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C.Cir. 1977). Moreover, summary judgment is only proper, after construing all the evidence in the light most favorable to the requester, if no genuine issue of material fact exists. *Piper & Marbury, L.L.P. v. U.S. Postal Serv.*, 2001 WL 214217, at *2, 2001 U.S. Dist. LEXIS 2492, at *4 (D.D.C. March 5, 2001).

*Madison Mechanical, Inc. v. National Aeronautics and Space Administration*, No. Civ.A. 99–2854, 2003 WL 1477014, at *3 (D.D.C. March 20, 2003).

A government agency meets its obligation to show that the information it will not disclose "logically falls within the claimed exemption" by filing what is called a *Vaughn* [2] index. This index must describe the document or portion of it being withheld in sufficient detail to permit the court to determine whether the withholding or deletion is justified by the exemption claimed. In the same case as the one I cited above, I defined this responsibility as follows:

> In order for this court to conduct a meaningful review of the government's claimed exemptions, the D.C. Circuit has held that "the Act also requires an agency in possession of material it considers exempt from FOIA to provide the requestor with a description of each document being withheld, and an explanation

of the reason for the agency's nondisclosure." *Animal Legal Defense Fund, Inc. v. Dep't of Air Force*, 44 F.Supp.2d 295, 298 (D.D.C.1999) (citing Oglesby v. U.S. Dep't of Army, 79 F.3d 1172, 1176 (D.C.Cir.1996)). Thus, the Vaughn index and "the agency affidavits must ... disclos[e] as much information as possible without thwarting the exemption's purpose." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 224 (D.C.Cir.1987). "The agency must provide a Vaughn affidavit explaining its reasons for withholding the documents so as to alert the FOIA requester to the nature of the documents and the claimed exemptions and allow the requester to challenge the agency's assertions." *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 997 (D.C.Cir. 1998).

*Madison Mechanical*, 2003 WL 1477014, at *4.

■ Confronted with a motion for summary judgment, the government's opponent must establish that the *Vaughn* index is insufficient to permit the court to ascertain whether the FOIA exemptions have been properly claimed.[3] He may also show that the exemptions are improperly claimed as a matter of law, and that the government has failed in its fundamental responsibility to segregate within a single document material that is exempt from material that is not and released an expurgated version of the document. *See Piper & Marbury, L.L.P. v. U.S. Postal Service*, 2001 WL 214217, at *2 (D.D.C. Mar. 6, 2001). If the FOIA plaintiff cannot establish any of these contentions, then the government is entitled to summary judgment.

---

2. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973).

3. *See, e.g., Madison Mechanical,* 2003 WL 1477014; *Sandgrund v. U.S. Securities and* *Exchange Com'n.,* 215 F.Supp.2d 178 (D.D.C. 2002). *See also Samuel Gruber Educ. Project v. U.S. Dept. of Justice,* 24 F.Supp.2d 1 (D.D.C.1998).

■ Twist does not even bother to concede the existence of this burden, let alone meet it. Instead, the court is treated with an opposition that is equal parts diatribe and screed. It quotes reports about the FBI's use of informants in Boston, argues that a report of the Office of Professional Responsibility about Twist was "wrong," throws the word "corruption" around like confetti, and demeans the integrity of Department of Justice officials who were involved in Twist's being fired. None of this has anything whatsoever to do with whether the *Vaughn* affidavit is sufficient, and whether, if it is, the exemptions are properly claimed.

■ It is certainly true that a showing of "bad faith" can defeat a motion for summary judgment in a FOIA case. *See,e.g., Madison Mechanical,* 2003 WL 1477014. But, wild allegations that the Department of Justice officials who were involved in Twist's firing were corrupt, as were FBI agents and Department of Justice officials in a completely unrelated case in Boston hardly justifies the conclusion that the officials who prepared the *Vaughn* affidavit have perjured themselves in the declarations they made in this case.

■ Several of plaintiff's other claims warrant the briefest of rejections. First, plaintiff seeks to overturn the decision that the Chief Judge made with reference to the release of a report of the Office of Professional Responsibility concerning plaintiff's being fired, claiming that a case decided after the Chief Judge ruled would require a different result. He does not explain why he believes that the presiding judge in this case (Judge Urbina) or I have the jurisdiction to vacate the judgment rendered by another judge in 1997 and affirmed by the court of appeals summari-

ly. *Twist v. Reno,* No. 97–5192, 1997 WL 811736 (D.C.Cir. Dec. 9, 1997). Change in the law is certainly not grounds for vacating a judgment under Fed.R.Civ.P. 60(b). A moment's thought indicates why; if a change in law after a judgment was rendered was grounds to vacate a final judgment, final judgments would cease to exist.[4]

Second, it nearly goes without saying that the correctness of that Report and the legitimacy of plaintiff's firing are not before this Court. This Court has no jurisdiction under FOIA to require the correction of any report; its jurisdiction is limited to ordering its production. Plaintiff's claims of wrongful firing have been resolved against him in still another final judgment and have nothing to do with this lawsuit. *See Report and Recommendation* filed in *Twist v. Ashcroft,* Civ. Action No 86–3320, (Sept. 19, 2001).

Third, in enacting FOIA, Congress exempted certain kinds of documents from disclosure. The only legal question presented, therefore, is whether the exemptions have been properly claimed. There is absolutely no basis for a court to punish a government agency by denying it the FOIA exemptions Congress created because of a claim that in some way the government acted in bad faith in some other case or proceeding.

■ Finally, *in camera* review of the withheld documents (or of the portions withheld) is proper if the agency affidavits are insufficiently detailed to permit review of exemption claims or there is evidence of bad faith, the number of documents is relatively small, and the dispute turns on the contents of the withheld documents and not the parties' interpretation of them.

---

4. It is for the same reason that plaintiff's attack on the government's actions in *Twist v. Meese,* 661 F.Supp. 231 (D.D.C.1987) (*see Op-*

*position to Motion for Summary Judgment* at 18) are unavailing besides having nothing to do with this FOIA action.

*Quinon v. FBI*, 86 F.3d 1222, 1228 (D.C.Cir.1996). *In camera* review is certainly not to be done routinely because "it can't hurt." *Id.* (quoting *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C.Cir.1978) ). Such review consumes judicial resources, may have little precedential value, and creates a disincentive to preparing a detailed *Vaughn* index. *Spirko v. U.S. Postal Service, 147 F.3d at 997 (1998)*. In this case the affidavits are detailed and clearly explain the exemptions claimed. While there are claims of bad faith, they are based on mere allegations and, most significantly, have nothing to do with the preparation of those affidavits. As I have noted, the notion that the authors of those affidavits have perjured themselves is not supported by anything besides plaintiff's imagination and hardly justifies *in camera* review of the documents themselves.

Twist has, therefore, utterly failed to provide a single reason why the government's motion should not be granted and I recommend that it be granted forthwith.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive any right of appeal from an order of the District of Columbia adopting such findings and recommendations.** *See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).*

June 22, 2004.