Paris WILSON, Plaintiff,

v.

DRUG ENFORCEMENT ADMINISTRATION, Defendant.

No. CIV.A. 04–1814(JDB).

United States District Court, District of Columbia.

May 24, 2005.

Paris L. Wilson, Lisbon, OH, pro se.

Megan Lindholm Rose, United States Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION and ORDER

BATES, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Having considered defendant's motion, plaintiff's opposition, and the entire record of this case, the Court will deny the motion without prejudice.

## I. BACKGROUND

In December 2003, plaintiff submitted a request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Drug Enforcement Administration ("DEA").[1] Compl., ¶¶ 5, 7. Specifically, plaintiff requested:

1) Copy of the Case Agent's investigative notes, surveillance logs, and criminal complaints that defines [sic] the criminal conspiracy and federal

---

1. Although plaintiff alleges in his complaint that the date of his request is October 15, 2003, *see* Compl., ¶ 5, he does not dispute defendant's showing that it received and re- sponded to a FOIA request dated December 21, 2003, that was signed by plaintiff on December 23, 2003, *see* Wassom Decl., Ex. A.

offenses by date, time, and place, for Paris L. Wilson.

2) Copy of drug laboratory report containing drug type and drug amount attributed to Paris L. Wilson.

3) Copy of all records and D.E.A. files pertaining to Paris L. Wilson.

Def.'s Mot., Declaration of Leila I. Wassom ("Wassom Decl."), Ex. A (FOIA request signed on December 23, 2003). Upon receipt of a proper Certificate of Identity, DEA staff notified plaintiff that his request would be handled in chronological order. *Id.*, ¶¶ 7, 9 & Ex. D (February 23, 2004 letter regarding Request Number 04–0675–P).

DEA released records to plaintiff in three batches. First, on February 26, 2004, DEA released in part 12 pages of records and withheld in full another 4 pages. Wassom Decl., ¶ 10. The second and third releases occurred after plaintiff's request had been reviewed for litigation purposes.[2] *See id.*, ¶¶ 11, 17. On December 30, 2004, after having conducted a NADDIS search and after having located potentially responsive records at the Minneapolis field office, DEA released 22 pages in part and 7 pages in full, and withheld 37 pages in full. *Id.*, ¶ 13. Most recently, on February 2, 2005, DEA released 4 pages in full.[3] *Id.*, ¶ 17.

In this action, plaintiff challenges the DEA's response to his FOIA request.

## II. DISCUSSION

### A. Standard of Review

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C.Cir.1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981).[4] Such affidavits

---

**2.** The Clerk of Court received plaintiff's original complaint on September 15, 2004, and stamped the pleading "received" on that date. The Clerk did not docket the complaint officially until after the Court had reviewed and approved plaintiff's application to proceed *in forma pauperis. See* Dkt. # 2, 4.

**3.** These four pages of records had been released in part on December 30, 2004. Wassom Decl., ¶ 17.

**4.** In support of its motion, defendant submits the declaration of Leila I. Wassom, a

Paralegal Specialist assigned to the Freedom of Information Operations Unit ("SARO"), Freedom of Information and Records Management Section, at DEA Headquarters in Washington, DC. Wassom Decl., ¶ 1. Her professional responsibilities include the review of requests to DEA for information under the Freedom of Information Act and Privacy Act for litigation purposes. *Id.*, ¶ 2. She is familiar with DEA's policies and procedures for the processing and release of information under the Freedom of Information and Privacy Acts, as well as the application of exemptions under these Acts. *Id.*, ¶ 3.

or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C.Cir.1991) (quoting *Ground Saucer Watch, Inc. v. CIA,* 692 F.2d 770, 771 (D.C.Cir.1981)).

### B. Adequacy of Search

■ "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia–Lucena v. United States Coast Guard,* 180 F.3d 321, 325 (D.C.Cir.1999) (quoting *Truitt v. Dep't of State,* 897 F.2d 540, 542 (D.C.Cir.1990)); *see Campbell v. United States Dep't of Justice,* 164 F.3d 20, 27 (D.C.Cir.1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 551 (D.C.Cir.1994).

■ To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block,* 684 F.2d 121 (D.C.Cir.1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State,* 897 F.2d at 542.

■ Defendant's declarant explains that the DEA's Investigative Reporting and Filing System (IRFS) contains all the agency's administrative, general, and investigative files compiled by the agency for law enforcement purposes. Wassom Decl.,

¶ 18. The Narcotics and Dangerous Drugs Information System (NADDIS) is the index by which reports and other information are retrieved from IRFS. *Id.,* ¶ 19. A search of NADDIS using plaintiff's name, Social Security number, and date of birth evidently yielded one file (containing 71 pages of records) maintained by the DEA's Minneapolis field office. *Id.,* ¶¶ 11, 20.

Review of the record indicates that DEA staff conducted a NADDIS search some time in 2004 after plaintiff had filed this civil action. The records released in December 2004 and February 2005 are among the records located in the Minneapolis field office pursuant to this NADDIS search. The record does not explain, however, whether and how DEA staff conducted a search for responsive records which were released to plaintiff in February 2004. Nor does the record explain the search for the laboratory report plaintiff requested. *See* Wassom Decl., ¶ 21. The declarant only states that SARO staff "contacted DEA's North Central Laboratory in Chicago," and that no responsive record was located. *Id.* More of an explanation of the agency's search and its sufficiency is required before summary judgment can be entered.

### III. CONCLUSION

Based upon the information set forth in defendant's declaration, the Court is unable to conclude that the DEA's search for records responsive to plaintiff's FOIA request was adequate. The Court will deny defendant's motion for summary judgment without prejudice.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. # 12] is DENIED WITHOUT PREJUDICE, and it is

FURTHER ORDERED that defendant shall file a renewed motion for summary

judgment by not later than July 11, 2005. Plaintiff shall respond to the renewed motion by not later than August 12, 2005, and defendant's reply, if any, shall be filed by not later than August 26, 2005.

SO ORDERED.