**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190374-U

Order filed July 29, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| ANTONIO SHERROD, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF KANKAKEE, KANKAKEE | ) | |
| POLICE DEPARTMENT, THE KANKAKEE | ) | Appeal No. 3-19-0374 |
| STATE'S ATTORNEY OFFICE, and THE | ) | Circuit No. 18-MR-302 |
| KANKAKEE COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The City of Kankakee, | ) | |
| | ) | Honorable Ronald J. Gerts, |
| Defendant-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Carter and McDade concurred in the judgment.

**ORDER**

¶ 1      *Held*: The circuit court did not err when it granted defendant's motion to dismiss plaintiff's complaint for declaratory relief.

¶ 2     Plaintiff, Antonio Sherrod, filed a complaint for declaratory relief against defendant, the City of Kankakee (City). He alleged that the City failed to comply with his Freedom of Information Act (FOIA) requests. He appeals the circuit court's granting of defendant's motion to dismiss.[1] He contends: (1) an issue of material fact exists as the adequacy of the City's search for records pursuant to his FOIA request; (2) the City failed to comply with his FOIA request by providing him with a video in DVD format rather than VHS; (3) the City failed to provide him with enhanced video created by the FBI; and (4) the City failed to respond to one of his many FOIA requests. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4     A federal jury found plaintiff guilty of several offenses in the murder of Steven Prendergast. Plaintiff received two consecutive life sentences in the Federal Bureau of Prisons. *United States v. Sherrod*, 445 F.3d 980 (7th Cir. 2006). Plaintiff murdered Prendergast at a Kankakee gas station, which a surveillance camera recorded.

¶ 5     On July 25, 2016, while incarcerated, plaintiff filed a FOIA request with the City for records regarding the murder of Prendergast. The request sought the following documents:

> "(A) A copy of the VHS video surveillance tapes that captured the carjacking on 3-16-2003.
>
> (B) Any, and all video enhancements of the VHS tapes done by Quantico FBI specialist, George Skoluba, at the request of KPD Detective Kenneth Lowman on 3-21-2003.

---

[1]The court dismissed the complaint against the other defendants for different reasons. Those defendants are not parties to this appeal.

(C) Any, and all reports concerning the yellow Calico lighter located inside the Carhartt jacket that was found.

(D) Any, and all files listed under [plaintiff's] name as a Confidential Informant.

(E) Any, and all reports, memos, or data from Officer Charles E. Johnston, or Officer Willie Hunt concerning their encounter with [plaintiff] when they transferred [plaintiff] from St. Mary's Hospital to Kankakee County Jail on 8-1-2003.

(F) Any, and all reports as to why Detective Patrick Kane became the lead case agent in the murder investigation on 8-1-2003."

¶ 6    Kristine Schmitz, the City's FOIA officer, received the request and forwarded it to Kankakee Police Department Deputy Chief Robin Passwater. Passwater reviewed the department's electronic database and police file. These systems were the most likely to contain the responsive records. Passwater found information responsive to plaintiff's request items A, C, and E. Specifically, Passwater found the surveillance video from the night of the murder, the evidence reports regarding the yellow lighter, and a report from two transportation officers.

¶ 7    As to the video, the City informed plaintiff that it would attempt to find a business that could copy the VHS recording to a DVD format. The City sent plaintiff a letter stating that his FOIA request produced one DVD and included an invoice for $5. Plaintiff responded by requesting that the VHS be copied to a new VHS rather than a DVD. Nevertheless, plaintiff sent the City $5 for the DVD and informed the City that he would be executing a power of attorney so that the VHS tapes and DVD could be sent to his appointed person, and that he would be in touch soon.

¶ 8      The City provided plaintiff with the responsive documents to his requested items C and E (the yellow lighter evidence reports and a report from the transportation officers). The City denied plaintiff's requests as to items B, D, and F. As to item B (the video enhancements performed by the FBI), the City explained that it did not possess the videos, which were in possession of the FBI. As to items D (files listing plaintiff as a confidential informant) and F (reports as to why Detective Kane became the lead investigator), the City informed plaintiff that no such documents existed.

¶ 9      Subsequently, plaintiff sent the City an amended FOIA request clarifying his request for items D and F. The City denied the request by informing plaintiff that it had already responded to plaintiff's request by informing him no such records existed.

¶ 10      On October 27, 2016, plaintiff appealed the City's response to his FOIA request to the Illinois Attorney General's Office, Public Access Bureau (PAC), seeking item A in a VHS format rather than a DVD. The City responded that it was still waiting for plaintiff's attorney-in-fact to pick up the DVD as it had previously communicated to plaintiff. The City also stated that it did not have the equipment to copy the video to VHS format.

¶ 11      The PAC issued a nonbinding letter on February 27, 2017. The PAC requested the City provide plaintiff with the video in a VHS copy rather than a DVD.

¶ 12      On April 9, 2017, plaintiff sent the City a letter informing the City that he would not be using an attorney-in-fact, but that his prison counselor would receive the videos on his behalf. The City then sent the DVD to plaintiff's prison counselor.

¶ 13      On June 2, 2017, plaintiff sent the City another FOIA request seeking the entire Prendergast murder file, the video surveillance in VHS format, and various police records, including the names of the detective supervisor, case notes, and e-mails during the time period of August 1, 2003, to

December 2003. The City denied plaintiff's request, explaining that plaintiff's request for documents had been responded to in the prior FOIA request.

¶ 14 Plaintiff appealed to the PAC again. The PAC declined to review the City's denial, finding that "no further inquiry is warranted."

¶ 15 On August 24, 2018, plaintiff filed a complaint against the City for declaratory relief. Plaintiff alleged that the City failed to properly respond to his FOIA requests. He contended the City failed to adequately search for documents responding to his request. He argued that the City possessed more documents than it tendered to him in response to his FOIA requests. He also argued that the City failed to properly respond to his request for a copy of the video by providing it to him in DVD format rather than VHS. He also alleged that the City possessed the video enhancements created by the FBI, but the City failed to tender the videos to plaintiff.

¶ 16 The City filed a motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). The City contended that it complied with plaintiff's FOIA requests and that it performed a reasonable search for the requested records. The City also contended that plaintiff's claim that the City failed to provide him with the video recording was moot because it had previously tendered the DVD to plaintiff. The City argued that it did not have the technology to provide defendant with a copy of the video in VHS format. Last, the City argued that it did not possess the enhanced video created by the FBI.

¶ 17 To support its motion, the City attached the affidavits of Schmitz and Passwater. The City also attached correspondence between the City, plaintiff, and the PAC, as well as the documents it produced in response to plaintiff's FOIA request.

¶ 18 As to the reasonableness of its search, the City explained the efforts it used to find the information plaintiff requested. Passwater averred that, "[he] reviewed the Police Departments

[*sic*] electronic database and located the Police Department file, which was numbered 2003-1038." In the file, the City found all the information plaintiff requested in requested items A, C, and E. The City also explained:

> "a review of the Kankakee Police file 2003-1038 and the electronic database failed to locate any reports or files which responded to [plaintiff's] requests 'D' and 'F'. There were no files that listed [plaintiff] as a Confidential Informant, and any reports regarding Det. Kane's assignment to [plaintiff's] case. There were no other locations to search within the Kankakee Police Department that would have revealed records responsive to [plaintiff's] request."

¶ 19    As to plaintiff's request for a copy of the video in VHS format rather than DVD, Passwater averred:

> "The video, which was [plaintiff's] request 'A', was taken of him on the evening of March 23, 2003, the night of the murder. The video was in VHS form and was found in the police file. Technology has changed in 13 years. In 2016, when the request was made, the police department did not have the capability to copy this to VHS. We searched for and found an outside company which also did not have the capability to copy this to VHS. The company could only copy the video to DVD format. So that is how we proceeded."

¶ 20    With respect to the video enhancements performed by the FBI, the City explained that it did not have the material. According to Passwater:

"There was no enhanced video in the files I reviewed as requested by [plaintiff] in 'B'. The case was prosecuted by the United State's Attorney and the FBI enhanced the video, not the Kankakee Police Department."

¶ 21 Plaintiff responded to the City's motion to dismiss, but he did not attach any counter-affidavits to rebut the evidence contained in the City's motion.

¶ 22 Ultimately, the circuit court granted the City's motion to dismiss. The court found that the City tendered all records, videos, and other documents to plaintiff pursuant to his FOIA request. The circuit court also concluded that the City conducted an adequate search pursuant to FOIA for the requested information not tendered in response.

¶ 23                                II. ANALYSIS

¶ 24 On appeal, plaintiff contends that the circuit court erred in granting defendant's motion to dismiss. Section 2-619(a)(9) of the Code provides for involuntary dismissal of a claim, based on "affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). A section 2-619 motion to dismiss accepts as true all well-pleaded facts and raises questions of law. *Nettleton v. Stogsdill*, 387 Ill. App. 3d 743, 759 (2008). Our review is *de novo*. *Id*. at 759.

¶ 25 Plaintiff raises several arguments as to why the trial court erred when it dismissed his complaint. He contends: (1) there is an issue of fact as to the adequacy of the City's search for responsive records; (2) the City should have provided him with a VHS copy of the video recording rather than in DVD format; (3) the City failed to produce the enhanced videos created by the FBI; and (4) the City failed to respond to his August 15, 2018, FOIA request. We discuss each argument in turn.

¶ 26    First, plaintiff contends that there exists an issue of fact as to the adequacy of the City's search for records. Plaintiff speculates that more records existed in the City's possession than it provided to him in response to his FOIA requests. Accepting the City's evidence in support of its motion to dismiss, we find that it performed an adequate search for the records plaintiff requested. Therefore, the trial court did not err when it determined that the City performed an adequate search for the requested records.

¶ 27    When a plaintiff questions the adequacy of the search an agency made in order to satisfy a FOIA request, the factual question raised is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant. *Meeropol v. Meese*, 790 F.2d 942, 950-51; *Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1357 (1983). Mere speculation that uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them. *Weisberg*, 705 F.2d at 1351-52; *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (1981).

¶ 28    Here, defendant submitted the affidavit of Passwater detailing his search for records responsive to plaintiff's requests. The affidavit satisfied the City's responsibilities under FOIA. Passwater's affidavit stated that he reviewed the department's electronic database and located the case file which would contain the responsive material. The City then produced the responsive material it found to plaintiff, and explained that for part of his request, there were no responsive records. Passwater's affidavit also affirmatively stated that there "were no other locations to search within the Kankakee Police Department that would have revealed records responsive to [plaintiff's] request."

¶ 29    In response to the City's motion to dismiss, plaintiff needed to submit a counteraffidavit to rebut the City's affidavits. "Agency affidavits are accorded a presumption of good faith, which

cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.' " *SafeCard Services, Inc. v. Securities & Exchange Comm'n*, 926 F.2d 1197, 1200 (1991) (quoting *Ground Saucer Watch, Inc.*, 692 F.2d at 771). "In order to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit. [Citation.] If the plaintiff fails to provide a counteraffidavit to challenge the facts alleged in the defendant's supporting affidavits, the facts of defendant's affidavits are deemed admitted." *Callaghan v. Village of Clarendon Hills*, 401 Ill. App. 3d 287, 291 (2010). Plaintiff failed to submit a counteraffidavit. To the contrary, plaintiff only offered speculative arguments that additional documents may exist. Plaintiff's unsupported allegations are insufficient to rebut the City's uncontroverted affidavits of its exhaustive search for responsive documents. Thus, there is no issue of fact as to the adequacy of the City's search for documents responding to plaintiff's FOIA requests.

¶ 30       Next, plaintiff contends that the City failed to comply with FOIA when it provided him with a DVD copy of the VHS recording. According to plaintiff, the City should have provided him with a copy of the video in VHS format. As the only method of copying the video available to the City was to use a DVD, we find that the City properly responded to plaintiff's FOIA request. Therefore, we find plaintiff's argument that the City failed to provide him with a proper copy of the video is moot.

¶ 31       FOIA requires public bodies to make public records available to any person for inspection or copying. 5 ILCS 140/3 (West 2016). "Copying" is defined as "the reproduction of any public record by means of any photographic, electronic, mechanical or other process, device or means now known or hereafter developed and *available* to the public body." (Emphasis added.) *Id.* § 2(d).

¶ 32   Here, the City demonstrated it lacked the capability to copy the video to VHS. The City took possession of the video in VHS form in 2003. Plaintiff then waited 13 years to request a copy of the VHS. As with the passage of time, new technology made it unfeasible for the police department to copy it in VHS format. The City found an outside company that could copy the VHS to DVD, but it did not have the capability of copying it to VHS. Plaintiff failed to file a counteraffidavit to rebut the City's claim. Moreover, plaintiff did not allege the existence of any alternative option for the City to use to copy the video to a VHS. Thus, the City satisfied the requirements of FOIA by providing plaintiff with a copy of the recording in the format available to it.

¶ 33   As a result, plaintiff's claim that the City failed to provide him with a copy of the VHS recording is moot. "A claim is moot when no actual controversy exists or events occur which make it impossible for a court to grant effectual relief." *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 782 (1999). Where the plaintiff has received what he sought, his action should be dismissed as moot. *Id.* The mootness doctrine is applied to FOIA claims once the requested records have been produced. *Roxana Community Unit School District No. 1 v. Environmental Protection Agency*, 2013 IL App (4th) 120825, ¶ 42. Here, the City provided plaintiff with the requested video and his claim is now moot.

¶ 34   Next, plaintiff contends that the City failed to provide him with the enhanced videos created by the FBI in 2003. There is no evidence that the City possessed such videos. In fact, Passwater's affidavit stated the department did not have any enhanced videos in its possession. As plaintiff failed to file a counteraffidavit to rebut Passwater's affidavit, we find the City did not violate FOIA by denying plaintiff's request for items it did not possess.

¶ 35    Finally, plaintiff contends that the City failed to respond to a FOIA request he sent to the City on August 15, 2018. This claim is not properly before this court. Plaintiff did not raise this argument in the trial court. Issues not raised in the trial court are waived and may not be raised for the first time on appeal. *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 58. Therefore, we will not address this argument. Accordingly, we find the circuit court did not err when it dismissed plaintiff's complaint.

¶ 36                                    III. CONCLUSION

¶ 37    For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 38    Affirmed.